Address

| Type: | Home | | Description: |
|---|---|---|---|
| Address: | | | |

Phone Number

| Type: | Business | | Description: |
|---|---|---|---|
| Phone Number: | | | |

| Type: | Business | | Description: |
|---|---|---|---|
| Phone Number: | | | |

| Type: | Home | | Description: |
|---|---|---|---|
| Phone Number: | | | |

2. Person

Basic Info

| Name: | EDWARD R MORALES | Role: | PERSON INTERVIEWED |
|---|---|---|---|
| Gender: | M MALE | Date of Birth: | |

Features

| Height: | | Eye Color: | |
|---|---|---|---|

Address

| Type: | Home | | Description: |
|---|---|---|---|
| Address: | | | |

| Type: | Home | | Description: |
|---|---|---|---|
| Address: | | | |

Phone Number

| Type: | Home | | Description: |
|---|---|---|---|
| Phone Number: | | | |

| Type: | CELL | | Description: |
|---|---|---|---|
| Phone Number: | | | |

Narrative

MANDUJAR 4/3/2013 09:00:19

ON 04/03/13 AT 0857 HOURS, DONNA SALTER (PARKING STAFF) CALLED HQ TO REQUEST AN OFFICER AT THE CCN PARKING OFFICE FOR AN IRATE PERSON. PO MCGOWAN WAS DISPATCHED. PO CABAN RESPONDED TO ASSIST. NO CAMERAS IN SAID LOCATION. REPORT TO FOLLOW. SCENE CLEARED AT 0906 HOURS.
**************************************************

JMCGOWAN 4/3/2013 09:32:04

ON 4/3/13 AT 0857 HRS WRITER PO MCGOWAN WAS DISPATCHED TO A CALL OF AN IRATE PERSON IN THE PARKING OFFICE. WHILE IN ROUTE TO THE PARKING OFFICE IN CAMPUS CENTER NORTH THIS WRITER HEARD A MAN LATTER IDENTIFIED AS STUDENT EDWARD MORALES SAY "YOU ARE PROBABLY LOOKING FOR ME." THIS WRITER INTERVIEWED MORALES WHO STATED THAT HE WAS IN PARKING COMPLAINING ABOUT THE BUS SERVICE. MORALES STATED THAT HE WAS DROPPED OFF AT THE CAMPUS CENTER NORTH BUS STOP BUT ASKED THE BUS DRIVER TO DROP HIM OFF AT THE CAMPUS CENTER SOUTH BUS STOP AND THE DRIVER



REFUSED. MORALES STATED THAT HE HAS A BAD BACK AND IT IS HARD FOR HIM TO WALK FROM NORTH TO FORT AWESOME WHERE HE HAS CLASS. THIS WRITER OBTAINED MORALES IDENTIFICATION INFORMATION AND THEN LET HIM GO TO CLASS.

THIS WRITER THEN INTERVIEWED THE DIRECTOR OF PARKING AND TRANSPORTATION DONNA SALTER WHO STATED THAT MORALES CAME INTO THE PARKING OFFICE YELLING ABOUT THE BUS SERVICE TO CAMPUS. SALTER STATED THAT SHE EXPLAINED TO MORALES THAT THE BUS THAT HE WAS ON IS AN EXPRESS BUS AND IT GOES STRAIGHT FROM WHITE PLAINS TO CAMPUS CENTER NORTH AND BACK TO WHITE PLAINS. SALTER STATED THAT MORALES TOOK THE BUS SCHEDULE AND SAID HE WAS HE WAS GOING TO CALL THE BUS COMPANY AND HAVE THEM CHANGE THE SCHEDULE . SALTER STATED THAT MORALES THEN LEFT TO GO TO CLASS. NO CAMERAS IN THE AREA TIME CLEAR 0907 HRS.

Approved By:   **LT BUTLER, WALTER   Shield/Serial No.: 2606**            Date:    4/3/2013 10:35:40

Purchase College
## Campus Judicial Referral Form

| INCIDENT TOOK PLACE | Date: 07/10/13 | | Time: 9:05PM | |
|---|---|---|---|---|
| | Location: Music Building | | | |
| REPORT | Submitted To: Campus Judicial Officer | | Date Submitted: 08/15/2013 | |
| | Filed By Officer Name: Inv. Mobley | | University Police Report #:  EV-3111-13 | |
| FAX INFO | FAX TO CAMPUS JUDICIAL AT 7996 AND MICHAEL BAILEY AT 5926. Report Faxed: DATE:           TIME: Report unable to be faxed due to machine malfunction: LEAVE MESSAGE AT X7988 AND X6906 TO INFORM THAT REPORT NEEDS TO BE PICKED UP | | | |

| STUDENTS ALLEGEDLY INVOLVED | NAME | IDENTIFICATION NUMBER | CAMPUS/ADDRESS / | PHONE |
|---|---|---|---|---|
| | Morales, Edward, R. | | | ███████ |
| | | | | |
| | | | | |
| | | | | |

| WITNESSES TO INCIDENT BE SURE TO INCLUDE ANY STUDENT AFFAIRS STAFF PRESENT | NAME | | CAMPUS ADDRESS / | PHONE |
|---|---|---|---|---|
| | Danielle D'Agosto, staff member | | | |
| | | | | |
| | | | | |

| TYPE OF INCIDENT CHECK ALL THAT APPLY | ___ Inappropriate Conduct   ___ Emergency Room/Mental Hygiene   ___ Verbal/Physical Abuse ___ Alcohol Violation   ___ Controlled Substance   ___ Harassment   ___ Noise   ___ Theft   ___ Vandalism ___ Sexual Misconduct/Assault   ___ Fire Safety   ___ Weapons   ___ Cannabis   ___ Drug Paraphernalia   ___ Other |
|---|---|

| INCIDENT DESCRIPTION | Mr. Morales is a subject in a pending criminal complaint for Aggravated Harassment, (class A misdemeanor offense of the New York State Penal Law), resulting from an email sent by Mr. Morales to a SUNY Purchase College faculty-staff member (identity protected), in which this electronic form of communication caused this faculty-staff member to be annoyed, threaten, and alarmed. There is an active order of protection in place, issued by the Town of Harrison Criminal Court,  as well as an active Persona Non Grata (PNG) letter in place, issued by SUNY Purchase College State University of New York, Student Affairs Office. Specifically, Morales stated the following via an e-mail directed at staff member Danielle D'Agosto: |
|---|---|

3- DD the following is a strong constructive criticism that normally can be said at any company or institution... There is no doubt that you are a great person and a woman. When you say that you never done anything in your career (what ever that is), yes but you have done plenty of others that should have not done. Experience is what you need Danielle. I had seen how soft with employees and how they controlled you. Furthermore, how intertwined you are with your peer workers and staff. It's hard to believe that you have some authority in the school. I always had a tremendous regard for you, I do not think you have what is needed for that position you are holding, and you are damaging the school and the students with it. I have five times the life experience that you in many fields than you, and you have no initiative to take strong decision that can make a difference. Your poor judgment has caused a lot of suffering not only on me but on other students. Furthermore, you are too mature (not to say, you too old) to suffer from peer pressure. You are not an independent creative person, and that is a must lead others. You value your coworkers before you job and worst, your students; analogy...it is like a nurse not taking care of her patient but giving a ride to a co-worker when she is on duty. You failed with my Law and ethic class, just to keep your status with the professor; so was with Naamın (gay gender discrimination) me. You failed to notify SUNY and the Dept. Of Education when you suspected abuse of one of your students and then you hide behind a legal shield that will disappear at any minute just to cover your WCC actions. There are students that have worked for you that have made derogatory statements against your department, and all other departments of the school for that matter different students have done the same. When I created the term "an educated gang"; I did not mean to offend anybody; word for word, that is what peer pressure is or becomes if not stop in time. What if I was some nuts-crazy ( which I am not), and being pushed to the end , and I take a machine gun ( which I will not) and because of school "gang-like behavior" looses all opportunities to get to law school, then they garnish my SSD check to pay the loans, so I have nothing to live for; thus, this crazy student (not me)goes out to the school and start killing people. This sound like it has happened before..wright?
There is a student that was having thoughts in doing just that . She was suspended for one year via Madame Jones. She was going too MD school, so she desired to commit suicide--she could not because of her daughter. You people have the power to destroy lives, but one day someone will act-out on his/her disturbing mind—or temporary insanity--and commit a crime in revenge, and I will be there to testify against you all. And you talk about career and experience, you do not know what you are talking about. Like some of your students have told me she is always into meeting, conferences or too busy; but when it comes to doing what is right for the life and future of a student you fall way short of being honest and professional. All of your employees will be summoned to testify...oh and the free housing!!! You are way short of being professional...sorry for honest with yourself. That is the reason I am bound to continue litigation and include you and Kat. So one day some crazy student would do something stupid and have innocents pay for. You do not have a career yet Danielle. Please forgive my honesty, and accept this strong remarks from a good and loyal friend you both once had.


All the same for you Kath.


Do not get angry at me but be ashamed of your actions through time.

E

E

September 14, 2012

Dear Students:

Professor Marc Brudzinski in the School of Humanities is under review for reappointment. On behalf of the faculty review committee, I would like to solicit your help as one of his former or present students in this review process.

May I ask you to compose a letter concerning Professor Marc Brudzinski of your acquaintance with the faculty member and should be as detailed and explicit as possible in providing a critical assessment of his qualities as a teacher and member of the academic community. The more reflective and candid your letter, the more helpful it will be to the review committee. **Please also indicate on the letter whether or not it may be shown to the candidate.**

In order to figure in the deliberations of the review committee, the letters must be received no later than **October 31, 2012**. Please address them to the Faculty Review Committee for Professor Marc Brudzinski care of the School of Humanities, SUNY at Purchase College, 735 Anderson Hill Road, Purchase, NY 10577. Your letter of course, will be held in strict confidence.

Sincerely,


Louise Yelin, Chair
School of Humanities

F

F

*[handwritten]* REQUEST to USE THE PHONE TO CALL FOR HELP #1

Office Outlook Web Access | Find Someone | Address Book | Address Book | Options | Log Off

Mail
Calendar
Contacts
--------
Most Recent Recipients
(SFS.maildrop)
(SOA.students.all)
ABRAMS, KATHERINE
admissions@fcs.Ledu
ALVARADO, KATHERINE
Apostle, Basil
Balascio, Qui Qui
Balcom, Emily
BALLOU, KATHERINE
Bianchi, Carrie
Booker, Brian
BORST, KATHERINE
BOSEK-SILLS, KATHERINE
BRESS, KATHERINE
Brian Booker
brian.booker@purchse.edu
BRIGANTI, KATHERINE
bikerbag@yahoo.com
bikerdag@yahoo.com

To | Cc | Bcc

To delete an entry from the Most Recent Recipients list, select the entry, and then press the DELETE key on the keyboard.

To... Balascio, Qui Qui [remove]   *[handwritten]* REFUSE Accomodation
Cc...
Bcc...
Subject: RE: Response for Mr. Morales
Attachments...

From: Balascio, Qui Qui
Sent: Monday, October 24, 2011 2:25 PM
To: MORALES, EDWARD
Cc: (SAF.student.affairs); Espinales, Ricardo; Dixon, Barbara; Bianchi, Carrie
Subject: Response for Mr. Morales

Dear Mr. Morales,

I have received your email of complaint regarding you not being permitted to use a telephone in Ms. Maung's office on Tuesday, October 18, 2011. My understanding of the event is that Ms. Maung was meeting with three people in her office when you entered and demanded to use the phone.

Please be advised that nowhere in the ADA does it specify that someone who states that they are disabled has the right to interrupt meetings and demand the use of a telephone. The ADA specifies that the college provide accommodations to individuals who are registered through the Special Student Services Office. It is also specific in terms of what types of accommodations are required to be offered and to whom (i.e., those who have followed appropriate registration procedures and submitted all necessary documentation).

As such, I will not be taking any action against Ms. Maung.

Sincerely,
Qui Qui Balascio

Qui Qui Balascio, LMSW, CEAP, SAP
Associate Dean for Student Affairs
Purchase College, SUNY
Student Affairs - Student Services 320
735 Anderson Hill Road
Purchase, NY 10577-1400
Phone: (914) 251-7988
Fax: (914) 251-7996
Email: Quiqui.balascio@purchase.edu

"These records are protected by the Family Educational Rights and Privacy Act and are provided under an exception to the Act found in Section 99.32. These records must be maintained confidentially and may not be redisclosed. They must be destroyed when your legitimate educational interest no longer exists."

From: MORALES, EDWARD
Sent: Monday, October 24, 2011 1:47 PM
To: (SAF.student.affairs)
Subject:

From: MORALES, EDWARD
Sent: Monday, October 24, 2011 1:12 PM
To: Espinales, Ricardo; Dixon, Barbara; Bianchi, Carrie
Subject:

Sit/Madame,

I hereby request an investigation of, Again, a possible retaliation or abuse of power from the part of Purchase employee; Sandee Maung, Assistant Director of residence life. on 10/18/2011 was asked to assist a disable person in need of an emergency phone call. Miss Maung refused, which causes another violation of the American with Disability act from part of the college staff. As consequence of Ms Maung I (the student and client) advised Mrs Maung that a complaint was going to be file against her. As way of retaliation an abuse of power Mrs Santos has file the enclosed complaint. This later incident only add to the overwhelming proof that the college does not have or never had the intention of providing special confederation by being in compliance with the American with disability act. This will be added to all the other violations to the pending possible litigation.

H

H



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26ᵗʰ FLOOR
NEW YORK, NEW YORK 10005

TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

October 12, 2012

Edward Morales
110 N. 3ʳᵈ Avenue, Apt. 2M
Mt. Vernon, New York 10550

Re:   Case No. 02-12-2192
      State University of New York, Purchase College

Dear Mr. Morales:

On September 5, 2012, the U.S. Department of Education, New York Office for Civil Rights
(OCR) received the above-referenced complaint you filed against the State University of New
York, Purchase College (the College). You alleged that the College discriminated against you on
the basis of your age, and retaliated against you for filing a prior OCR complaint, by: failing to
allow you to reside in its dormitory during the fall 2012 semester (Allegation 1), and requiring
you to pay more to reside in non-traditional housing instead, despite an agreement with the
Office of Disability Services to the contrary (Allegation 2). You also alleged that the College
discriminated against you on the basis of your disability by failing to provide you with an
appropriate housing accommodation for the fall 2012 semester (Allegation 3).

OCR has referred your allegations to the Federal Mediation and Conciliation Service (FMCS) at
the address set forth below:

              Federal Mediation and Conciliation Service
              2100 K Street, NW
              2ⁿᵈ Floor
              Washington, D.C. 20427

OCR has determined that your non-age allegations are not independent and separable from your
age allegations. Therefore, OCR has referred your allegations, in their entirety, to FMCS
pursuant to 34 C.F.R. § 110.32(a) of the Age Discrimination Act, which requires OCR to refer
all complaints alleging discrimination on the basis of age, as well as any related complaints that
are not independent and separable from a complainant's allegation of age discrimination, to
FMCS for resolution. If FMCS does not resolve the complaint within 60 days of the date that
OCR received the complaint, OCR will resume its evaluation of these allegations. The College
has been advised of the referral. A representative of FMCS will contact you to discuss the
mediation of the complaint.

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by
fostering educational excellence and ensuring equal access.



Page 2 of 3 – Edward Morales

Please be advised of the following information from the Age Discrimination Act regulation that applies to the complainant's age discrimination allegation:

- You may file a civil lawsuit against the College under section 305(e) of the Age Discrimination Act after administrative remedies are exhausted. Administrative remedies are exhausted if: (1) 180 days have passed since you filed the complaint with OCR and OCR has made no findings; or (2) OCR issues a finding in favor of the Institute.

- This civil action can be brought only in a U.S. District Court for the district in which the College is found or transacts business.

- If you prevail in the civil action, you have a right to be awarded costs of the action, including reasonable attorneys' fees, but you must demand these costs in the complaint filed with the court.

- Before commencing the action, you must give 30 days' notice by registered mail to the Attorney General of the United States, the Secretary of Education, the Secretary of Health and Human Services, and the Institute. This notice must state the alleged violation of the Age Discrimination Act, the relief requested, the court in which the action will be brought, and whether or not attorneys' fees are demanded if you prevail.

- You cannot bring the civil action if the same alleged violation of the Age Discrimination Act by the College is the subject of a pending action in any court of the United States.

It is unlawful to harass or intimidate an individual who has filed a complaint or participated in actions to secure protected rights. If this should occur, you may file a separate complaint with OCR alleging such harassment or intimidation.

Under the Freedom of Information Act, 5 U.S.C. § 552, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, it will seek to protect, to the extent provided by law, personally identifiable information that, if released, could constitute an unwarranted invasion of personal privacy.

Page 3 of 3 – Edward Morales

If you have any questions regarding the mediation process, please contact FMCS, at (202) 606-5445., For questions about OCR's process, please contact Diane Castro, Compliance Team Investigator, at (646) 428-3808 or Diane.Castro@ed.gov; or James Moser, Compliance Team Attorney,' at (646) 428-3792 or James.Moser@ed.gov.

Sincerely,

Emily Frangos
Compliance Team Leader



**UNITED STATES DEPARTMENT OF EDUCATION**
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005

TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

February 6, 2013

Edward Morales
110 N. 3rd Avenue, Apt. 2M
Mount Vernon, New York 10550

Re:     Case No. 02-12-2192
        State University of New York, Purchase College

Dear Mr. Morales:

On September 5, 2012, the U.S. Department of Education, New York Office for Civil Rights (OCR) received the above-referenced complaint you filed against the State University of New York, Purchase College (the College). You alleged that the College discriminated against you on the basis of your age, and retaliated against you for filing a prior complaint with OCR, by: failing to allow you to reside in its dormitory during the fall 2012 semester (Allegation 1); and requiring you to pay more to reside in non-traditional housing instead, despite an agreement with the Office of Disability Services to the contrary (Allegation 2). You also alleged that the College discriminated against you on the basis of your disability by failing to provide you with appropriate housing for the fall 2012 semester (Allegation 3).

By letter, dated October 12, 2012, OCR informed you that it had referred your complaint to the Federal Mediation and Conciliation Service (FMCS) for processing. OCR also advised you that if FMCS did not resolve the complaint within 60 days of the date OCR received the complaint, OCR would resume complaint evaluation activities. FMCS was unable to resolve the matter within 60 days and returned the case to OCR.

Based on information you provided in your complaint, in an interview with OCR staff on September 25, 2012, and in electronic mail messages sent to OCR staff, OCR has determined that Allegation 2 is appropriate for investigation.[1] However, OCR determined that Allegations 1 and 3 are not appropriate for investigation for the reasons set forth below.

---

[1] OCR determined that your non-age allegations were not independent and separable from the age allegations, and referred the entire complaint FMCS pursuant to 34 C.F.R. § 110.32(a) of the Age Discrimination Act, which requires OCR to refer all complaints alleging discrimination on the basis of age, as well as any inter-related complaints alleging discrimination on the bases of race, color, national origin, sex, disability, and/or under the Boy Scouts of America Equal Access Act to FMCS for resolution.

Page 2 of 4 – Edward Morales

With respect to Allegation 1, you alleged that the College discriminated against you based on your age, or in the alternative retaliated against you for filing a prior OCR complaint, by failing to allow you to reside in its dormitory during the fall 2012 semester. With respect to Allegation 3, you alleged that the College discriminated against you on the basis of disability by failing to provide you with appropriate housing for the fall 2012 semester. OCR determined that you previously raised Allegations 1 and 3 in a complaint filed with OCR on July 12, 2012 (Case No. 02-12-2149). By letter, dated August 21, 2012, OCR informed you that it had dismissed the allegations. Pursuant to its case processing procedures, OCR will take no further action with respect to Allegations 1 and 3, and has dismissed them as of the date of this letter.

As stated above, OCR will investigate Allegation 2.

OCR is responsible for enforcing the Age Discrimination Act of 1975 (the Age Discrimination Act), 42 U.S.C. § 6101 et seq., and its implementing regulation at 34 C.F.R. Part 110, which prohibit discrimination on the basis of age in programs and activities receiving financial assistance from the U.S. Department of Education (the Department). The College is a recipient of financial assistance from the Department. Therefore, OCR has jurisdictional authority to investigate this complaint under the Age Discrimination Act.

The regulation implementing the Age Discrimination Act at 34 C.F.R. § 110.34, incorporates by reference 34 C.F.R. § 100.7(e) of the regulation implementing Title VI of the Civil Rights Act of 1964 (Title VI), which provides that:

> No recipient or other person shall intimidate, threaten, coerce or discriminate against any individual for the purpose of interfering with any right or privilege secured by regulations enforced by OCR or because one has made a complaint, testified, assisted or participated in any manner in an investigation, proceeding or hearing held in connection with a complaint.

Because OCR has determined that it has jurisdiction and that Allegation 2 was filed in a timely manner, it is opening the allegation for investigation. Please note that opening Allegation 2 for investigation in no way implies that OCR has made a determination with regard to its merits. During the investigation, OCR is a neutral fact-finder, collecting and analyzing relevant evidence from the complainant, the recipient, and other sources, as appropriate. OCR will ensure that its investigation is legally sufficient and is dispositive of the allegation, in accordance with the provisions of Article III of OCR's Case Processing Manual.

OCR's goal is the prompt and appropriate resolution of the allegations contained in a complaint. OCR offers, when appropriate, an Early Complaint Resolution (ECR) process, similar to mediation, to facilitate the voluntary resolution of complaints by providing an early opportunity for the parties involved to resolve the allegation(s). Some information about the ECR process is contained in the publication entitled, "OCR Complaint Processing Procedures," which was enclosed with OCR's previous letter to you acknowledging your complaint. This information is also on OCR's website at http://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.html#II.

Page 3 of 4 – Edward Morales

Also, when appropriate, a complaint may be resolved before the conclusion of an investigation after the recipient expresses an interest to OCR to resolve the complaint. In such cases, OCR obtains a resolution agreement signed by the recipient. This agreement must be aligned with the complaint allegations or the information obtained during the investigation, and it must be consistent with applicable regulations. Additional information about this voluntary resolution process may be found in the publication "OCR Complaint Processing Procedures," which was enclosed with OCR's previous letter to you, acknowledging your complaint. This information is also on OCR's website at http://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm.html#III.

Additionally, as you were advised in OCR's letter dated October 12, 2012, the Age Discrimination Act regulation requires OCR to provide you with the following information:

- You may file a civil lawsuit against the College under section 305(e) of the Age Discrimination Act after administrative remedies are exhausted. Administrative remedies are exhausted if: (1) 180 days have passed since you filed the complaint with OCR and OCR has made no findings; or (2) OCR issues a finding in favor of the College.

- This civil action can be brought only in a U.S. District Court for the district in which the College is found or transacts business.

- If you prevail in the civil action, you have a right to be awarded costs of the action, including reasonable attorney's fees, but you must demand these costs in the complaint filed with the court.

- Before commencing the action, you must give 30 days' notice by registered mail to the Attorney General of the United States, the Secretary of Education, the Secretary of Health and Human Services and the College. This notice must state the alleged violation of the Age Discrimination Act, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are demanded if you prevail.

- You cannot bring the civil action if the same alleged violation of the Age Discrimination Act by the College is the subject of a pending action in any court of the United States.

It is unlawful to harass or intimidate an individual who has filed a complaint or participated in actions to secure protected rights. If this should occur, you may file a separate complaint with OCR alleging such harassment or intimidation.

Under the Freedom of Information Act, 5 U.S.C. § 552, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, it will seek to protect, to the extent provided by law, personally identifiable information that, if released, could constitute an unwarranted invasion of personal privacy.

Page 4 of 4 – Edward Morales

OCR will communicate with you periodically regarding the status of Allegation 2. If you have any questions regarding OCR's determination with respect to Allegations 1 and 3, or are interested in resolving Allegation 1 through OCR's ECR process, please contact Diane Castro, Compliance Team Investigator, at (646) 428-3808 or Diane.Castro@ed.gov; or James Moser, Compliance Team Attorney, at (646) 428-3792 or James.Moser@ed.gov.

Sincerely,

Emily Frangos
Compliance Team Leader



UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS
32 OLD SLIP, 26TH FLOOR
NEW YORK, NEW YORK 10005

TIMOTHY C. J. BLANCHARD
DIRECTOR
NEW YORK OFFICE

March 13, 2013

Edward Morales
110 N. 3rd Avenue, Apt. 2M
Mt. Vernon, New York  10550

Re:   Case No. 02-13-2074 & 02-13-2086
      State University of New York, Purchase College

Dear Mr. Morales:

On January 22 and February 4, 2013, the U.S. Department of Education, New York Office for
Civil Rights (OCR) received the above-referenced complaints you filed against the State
University of New York, Purchase College.[1]  You alleged that the College discriminated against
you on the basis of your disability, by failing to promptly provide you with on-campus housing
as an accommodation during the fall 2012 semester (Allegation 1).  You further alleged that the
College discriminated against you on the basis of your age, by giving new students priority with
respect to on-campus housing during the fall 2012 semester (Allegation 2).

Based on information you provided in your complaints, in electronic mail messages provided to
OCR staff from January 22 to February 27, 2013, and during a telephone conference with OCR
staff on February 25, 2013, OCR determined that Allegation 1 is not appropriate for investigation
for the reasons set forth below.

With respect to Allegation 1, you alleged that the College discriminated against you on the basis
of your disability, by failing to promptly provide you with on-campus housing as an
accommodation during the fall 2012 semester.  OCR determined that you previously raised this
allegation in a complaint filed with OCR on July 12, 2012 (Case No. 02-12-2149), and in a
complaint filed with OCR on September 5, 2012 (Case No. 02-12-2192).  By letters dated
August 21, 2012, and February 6, 2012, respectively, OCR informed you that it had dismissed
the allegations.  Therefore, pursuant to its case processing procedures, OCR will take no further
action with respect to Allegation 1, and has dismissed it as of the date of this letter.

---

[1] During a telephone call with OCR staff on February 25, 2013, you stated that the complaint you filed in OCR Case
No. 02-13-2086, on February 4, 2013, is duplicative of the complaint you filed in OCR Case No. 02-13-2074, on
January 22, 2013.  You stated that you filed the complaint a second time, because you did not receive confirmation
after filing the first complaint.

ge 2 of 3 -- Edward Morales

OGR has referred Allegation 2 to the Federal Mediation and Conciliation Service (FMCS) at the address set forth below:

> Federal Mediation and Conciliation Service
> 2100 K Street, NW
> 2nd Floor
> Washington, D.C. 20427

OCR has referred Allegation 2 to FMCS pursuant to 34 C.F.R. § 110.32(a) of the Age Discrimination Act, which requires OCR to refer all complaint allegations of discrimination on the basis of age to FMCS for resolution. If FMCS does not resolve the allegation within 60 days of the date that OCR received the complaint, OCR will resume its evaluation of Allegation 2. The College has been advised of the referral. A representative of FMCS will contact you to discuss the mediation of the complaint allegation.

This letter sets forth OCR's determination in an individual OCR case. This letter is not a formal statement of OCR policy and should not be relied upon, cited, or construed as such. OCR's formal policy statements are approved by a duly authorized OCR official and made available to the public.

You have the right, pursuant to the regulation at 34 C.F.R. § 110.39 implementing the Age Act, to file a civil action for injunctive relief in federal court following the exhaustion of administrative remedies. Administrative remedies are exhausted if: (1) 180 days have elapsed since the complainant filed the complaint with OCR, and OCR has made no finding, or (2) OCR issues any finding in favor of the recipient. A civil action can be brought only in a United States district court for the district in which the recipient is found or transacts business. A complainant prevailing in a civil action has the right to be awarded the costs of the action, including reasonable attorney's fees, but these costs must be demanded in the complaint filed with the court. Before commencing the action, the complainant shall give 30 days notice by registered mail to the Secretary of the Department of Education, the Secretary of the Department of Health and Human Resources, the Attorney General of the United States, and the recipient. The notice shall state the violation of the Age Act, the relief requested, the court in which the action will be brought, and whether or not attorney's fees are demanded in the event the complainant prevails. The complainant may not bring an action if the same alleged violation of the Age Act by the same recipient is the subject of a pending action in any court of the United States.

Please be advised that the College may not harass, coerce, intimidate, or discriminate against any individual because he or she has filed a complaint or participated in the complaint resolution process. If this happens, you may file another complaint alleging such treatment.

Under the Freedom of Information Act, it may be necessary to release this document and related correspondence and records upon request. In the event that OCR receives such a request, we will seek to protect, to the extent provided by law, personally identifiable information, which, if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

Page 3 of 3 – Edward Morales

If you have any questions regarding the mediation process, please contact FMCS, at (202) 606-5445. For questions about OCR's process, please contact James Moser, Compliance Team Attorney, at (646) 428-3792 or James.Moser@ed.gov.

Sincerely,

Emily Frangos
Compliance Team Leader

K

K

Office of the Vice President
for Student Affairs

Purchase College
State University of New York
735 Anderson Hill Road
Purchase, NY 10577-1400

tel  914 251 6030
fax  914 251 6034
e-mail:  student-affairs@purchase.edu



| To: | Jean Fairbairn, B. U. | From: | Purchase College AAO |
|---|---|---|---|
| Fax: | 607  777  6893 | Pages: | 11  (including cover sheet) |
| Phone: | 607  777  2686 | Date: | 7/16/13 |
| Re: | Disability Services at BU | CC: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☒ Please Recycle

● Comments:

Any requested documentation of disability for a student.
A signed release form was FAXED to Purchase College.
Enclosed are the only documents that pertain to
disability diagnosis. Please contact if there are
questions.  Contact person:
(914) 251-6035, Ronnie Mait

CONFIDENTIALITY NOTICE: This transmission is intended only for the individual or entity to
which it is addressed and may contain privileged or confidential information that is exempt from
disclosure under applicable law. If the reader of this communication is not the intended recipient, or
responsible for delivering the communication to the intended recipient, you are notified that any
dissemination, distribution, or copying of this communication is strictly prohibited. If you have
received this communication in error, please notify the sender immediately by calling (914) 251-
6030. Thank you.

07/15/2033  15:41    6077776893                                                    PAGE  01/02


BINGHAMTON
U N I V E R S I T Y
STATE UNIVERSITY OF NEW YORK

**Services for Students
with Disabilities**

PO Box 6000
Binghamton, New York 13902-6000
607-777-2686 (Voice/TT)
Fax: 607-777-6893



| | | Amy Klenovic |
|---|---|---|
| **To:** | SUNY Purchase | **From:** Secretary |
| | ATTN: Mrs Ronnie Mait | Services for Students with Disabilities |
| | | Binghamton University |
| **Fax:** | 914 251 6034 | **Pages:** 2 including cover sheet |
| **Phone:** | | **Date:** 7/15/2013 |
| **Re:** | Edward | **cc:** |

☐ Urgent    ☐ For Review    ☒ Please Comment    ☒ Please Reply    ☒ Please Recycle

Dear Mrs. Mait,

Good Afternoon. Please see the attached release information form. If you have any questions please call our office at 607-777-2686. Our fax number is 607-777-6893.

Thank You
Amy

07/15/2033  15:41    6077775893                                           PAGE  02/02

# BINGHAMTON
# U N I V E R S I T Y
STATE UNIVERSITY OF NEW YORK

Services for Students
with Disabilities

PO Box 6000
Binghamton, New York 13902-6000
607-777-2686 (Voice/TT)
Fax: 607-777-6893

$\underline{7/15/13}$
**Date**

Ronnie Mait
ms Ronnie Mait

I, _EDWARD MOSS_ authorize _SUNY Purchase_

to send _X_ discuss _+_
_my disability-related records_

**to/with the following party:**
_Jean Faubain at B.U._

_____
**Signature**                                   **B # and Date of Birth**

**OFFICIAL NEW YORK STATE PRESCRIPTION**

ASMA NAEEM MD
LIC: 230728
NPI: 1912956442

829 BRONX RIVER ROAD SUITE 1B/C BRONXVILLE, NY  10708 (914) 237-8463

PRACTITIONER DEA NUMBER

Patient Name Edward Morales   Date 2/16/12

Address

City _____ State ___ Zip ___ Age ___ Sex [M][F]

Rx  Pt is Permanently partly
disable because of back &
neck injury & should be
allowed to walk around to
avoid prolonged sitting
& must stop for testing

MAXIMUM DAILY DOSE
(controlled substances only)

Prescriber Signature X

THIS PRESCRIPTION WILL BE FILLED GENERICALLY UNLESS PRESCRIBER WRITES 'daw' IN THE BOX BELOW

REFILLS [ ] None
Refills:

0NKBZB  92

PHARMACIST
TEST AREA:
Dispense As Written

*handwritten note:* Edward dropped this off 2/17/12





ADMINISTRATIVE REVIEW DIVISION
WORKERS' COMPENSATION BOARD
20 PARK ST
ALBANY, NY  12207
www.wcb.state.ny.us

Robert E. Beloten
Chair

## State of New York - Workers' Compensation Board

## In regard to Eduardo Morales, WCB Case #3060 2220

# MEMORANDUM OF BOARD PANEL DECISION
*keep for your records*

Presiding:  David R. Dudley
Mona A. Bargnesi
Ellen O. Paprocki

Oral argument was heard in Peekskill, New York on August 16, 2011. Thereafter the following decision was rendered.

This case was heard by video conference with Board Members Paprocki & Dudley convened in Syracuse, New York and Board Member Bargnesi convened in Buffalo.

Both the claimant and the claimant's attorney requested review of the Workers' Compensation Law Judge (WCLJ) decision filed April 28, 2010. The claimant's attorney also filed a rebuttal.

## ISSUE

The issue presented for administrative review is whether the $7,000.00 attorney's fee awarded by the WCLJ pursuant to the Workers' Compensation Law § 32 Settlement Agreement was appropriate.

## FACTS

This is an established case to the claimant's back and neck. The date of accident is December 9, 2005. The claimant's average weekly wage has been set at $1,361.52. The claimant was

*** Continued on next page ***

| | | | |
|---|---|---|---|
| Claimant - | Eduardo Morales | Employer - | Exec-U-Car Limousine, Inc. |
| Social Security No. - | | Carrier - | New Jersey Manufacturers |
| WCB Case No. - | 3060 2220 | Carrier ID No. - | W156004 |
| Date of Accident - | 12/09/2005 | Carrier Case No. - | W2006-000344 |
| District Office - | Peekskill | Date of Filing of this Decision- | 08/19/2011 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida información acerca de su reclamacion(caso).

Page 1 of 4

EBRB-1 (4/99)
FILE COPY

classified with a permanent partial disability on November 15, 2007.

The parties submitted a Workers' Compensation Law § 32 Settlement Agreement signed on August 19, 2009 for consideration by the Board. The Settlement Agreement submitted for consideration provides for a payment to the claimant in the amount of $137,500.00. The agreement notes that the claimant "represents that he is not presently represented by counsel having discharged his attorney, Irwin B. Silverman, Esq."

The Board's case file contains correspondence dated August 19, 2009 (the same date as the Settlement Agreement in question), requesting dismissal of his current attorney Irwin B. Silverman, Esq.

By decision filed November 13, 2009, the case was closed with a notation that the parties were discussing a settlement.

In a form OC-400.1 (Application For a Fee By Claimant's Attorney) dated January 8, 2010, Irwin B. Silverman, Esq. requests a fee of $12,500.00 out of the money moving to the claimant as a result of the Workers' Compensation Law § 32 Settlement Agreement for services he rendered to the claimant.

By decision filed January 21, 2010, the Workers' Compensation Law § 32 Settlement Agreement was disapproved based upon the claimant's objection to the attorney's fee requested by Irwin B. Silverman, Esq.

By OC-400 (Notice of Retainer and Appearance) signed by the claimant on January 25, 2010, Irwin B. Silverman, Esq. was once again retained as the claimant's attorney in the case.

At a hearing on April 9, 2010, the claimant and the claimant's attorney, Irwin B. Silverman, Esq. presented arguments to the WCLJ regarding the appropriate attorney's fee from the money that would be moving to the claimant if the Workers' Compensation Law § 32 Settlement Agreement were approved. The claimant argued that no fee should be awarded and that Irwin B. Silverman, Esq. was sufficiently compensated when he was awarded a $4,700.00 fee when the claimant was classified with ongoing awards on November 15, 2007. Irwin B. Silverman, Esq. argued that he has done significant work on the case since the claimant's classification and was successful in negotiating the proposed Workers' Compensation Law § 32 Settlement Agreement with the carrier. He requested a fee in the amount of $12,500.00. After reviewing the record and taking note of the work that Irwin B. Silverman, Esq. did on the case subsequent to the claimant's November 15, 2007 classification, the WCLJ concluded that a $7,000.00 fee was warranted.

*** Continued on next page ***

| | | | |
|---|---|---|---|
| Claimant - | Eduardo Morales | Employer - | Exec-U-Car Limousine, Inc. |
| Social Security No. - | | Carrier - | New Jersey Manufacturers |
| WCB Case No. - | 3060 2220 | Carrier ID No. - | W156004 |
| Date of Accident - | 12/09/2005 | Carrier Case No. - | W2006-000344 |
| District Office - | Peekskill | Date of Filing of this Decision - 08/19/2011 |

ATENCION:
Puede llamar a la oficina de la Junta de Compensación Obrera, en su area correspondiente, cuyo número de teléfono aparece al principio de la pagina y pida información acerca de su reclamación(caso).

Page 2 of 4

EBRB-1 (4/99)
FILE COPY



STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
PO BOX 5205
BINGHAMTON, NY   13902-5205
*www.wcb.state.ny.us*

(866) 746-0552

Zachary S. Weiss
Chair

## State of New York - Workers' Compensation Board

## In regard to Eduardo Morales, WCB Case #3060 2220

## NOTICE OF DECISION
*keep for your records*

At the Workers' Compensation hearing held on 11/08/2007 involving the claim of Eduardo Morales at the New City hearing location, Judge Ned Bertulfo made the following decision, findings and directions:

AWARD : The employer or insurance carrier is directed to pay the following awards, less payments already made by the employer or carrier, for the periods indicated below, unless employer or carrier files an appeal within 30 days after the date on which the decision was duly filed and served.

| | for disability over a period of | | at rate | |
| weeks | from | to | per week | the sum of |
| 13.4 | 8/7/2007 | 11/8/2007 | $400.00 | $5,360.00 |

- Temporary partial disability.

Carrier to continue payments at $400.00 permanent partial disability.

FEES:

As lien on above award payable by separate check by carrier TO CLAIMANT'S REPRESENTATIVE OR ATTORNEY:

| Sum of | To |
| $4,700.00 | Irwin Silverman Esq. |

payable $1,700.00 now and balance at $20 per week in multiples of $200

DECISION:   The claimant is permanently partially disabled as a result of this work-related injury. The parties have stipulated on the record to these findings. Parties have agreed to waive notice of hearing. All findings and awards are pursuant to the stipulated agreement. Medical treatment and care, as necessary, for established sites of injury and/or conditions, is authorized. Per stipulation claimant has involuntarily withdrawn from the labor market. All Form C8.1's which raised issues relating to treatment and/or disputed medical bills for services rendered in

*** Continued on next page ***

| | | | |
| Claimant - | Eduardo Morales | Employer - | Exec-U-Car Limousine, Inc. |
| Social Security No. - | | Carrier - | New Jersey Manufacturers |
| WCB Case No. - | 3060 2220 | Carrier ID No. - | W156004 |
| Date of Accident - | 12/09/2005 | Carrier Case No. - | W2006-000344 |
| District Office - | Peekskill | Date of Filing of this Decision- | 11/15/2007 |

ATENCION:
Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

Page 1 of 2

EC-23 (4/98)
FILE COPY

New York State are resolved in favor of the medical provider(s).  Pursuant to Rule 325-1.24, the carrier is directed to pay the bill(s) within 30 days of the date of this decision or notify the provider in writing the reason(s) for non-payment.  If payment or a reason for non-payment is not timely rendered, the provider may file for an administrative award.  If the carrier provides a timely reason for non-payment, the provider may file for arbitration. Request for an administrative award or for arbitration may be made by filing form HP-1 with the Board's Office of Health Provider Administration.  No further action is planned by the Board at this time.

| | | | |
|---|---|---|---|
| Claimant - | Eduardo Morales | Employer - | Exec-U-Car Limousine, Inc. |
| Social Security No. - | | Carrier - | New Jersey Manufacturers |
| WCB Case No. - | 3060 2220 | Carrier ID No. - | W156004 |
| Date of Accident - | 12/09/2005 | Carrier Case No. - | W2006-000344 |
| District Office - | Peekskill | Date of Filing of this Decision – 11/15/2007 | |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

EC-23 (4/98)
FILE COPY

## LEGAL ANALYSIS

Both the claimant and the claimant's attorney appealed, arguing that the $7,000.00 attorney's fee authorized by the WCLJ was not appropriate. The claimant contends that his attorney should be satisfied with the previously awarded classification fee of $4,700.00, as that was for past and future services to be rendered by the attorney. The claimant's attorney asserts that the $7,000.00 fee authorized by the WCLJ is inadequate in light of the extensive services provided to the claimant going back to 2006.

The Board Panel has reviewed the record and the procedural history of this case and notes that it is clear that the claimant's attorney has done significant work in this matter and was instrumental in securing the August 19, 2009 Workers' Compensation Law § 32 Settlement Agreement. This work is outlined in the attorney's form OC-400.1 dated January 8, 2010.

Board Rule 17, memorialized at 12 NYCRR 17(d), provides, in pertinent part:

> "Whenever an award is made to a claimant who is represented by an attorney or a licensed representative with fee, and a fee is requested, the board in such case shall approve a fee in an amount commensurate with the services rendered and having due regard for the financial status of the claimant and whether the attorney or licensed representative engaged in dilatory tactics or failed to comply in a timely manner with board rules. In no case shall the fee be based solely on the amount of the award."

The Board Panel finds, upon a review of the entire record, and based in particular on the above-cited Board Rule, that a legal fee in the amount of $7,000.00 out of the money moving to the claimant as a result of the Workers' Compensation Law § 32 Settlement Agreement represents adequate and equitable compensation for the services rendered by the claimant's attorney in securing that agreement.

## CONCLUSION

*** Continued on next page ***

| | | | |
|---|---|---|---|
| Claimant - | Eduardo Morales | Employer - | Exec-U-Car Limousine, Inc. |
| Social Security No. - | | Carrier - | New Jersey Manufacturers |
| WCB Case No. - | 3060 2220 | Carrier ID No. - | W156004 |
| Date of Accident - | 12/09/2005 | Carrier Case No. - | W2006-000344 |
| District Office - | Peekskill | Date of Filing of this Decision - | 08/19/2011 |

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

Page 3 of 4

EBRB-1 (4/99)
FILE COPY