ACCORDINGLY, the WCLJ decision filed April 28, 2010 is AFFIRMED. No further action is planned by the Board at this time.

All concur.

David R. Dudley          Mona A. Bargnesi          Ellen O. Paprocki

Claimant -              Eduardo Morales          Employer -          Exec-U-Car Limousine, Inc.
Social Security No. -                             Carrier -           New Jersey Manufacturers
WCB Case No. -          3060 2220                 Carrier ID No. -    W156004
Date of Accident -      12/09/2005                Carrier Case No. -  W2006-000344
District Office -       Peekskill                 Date of Filing of this Decision- 08/19/2011

ATENCION:

Puede llamar a la oficina de la Junta de Compensacion Obrera, en su area correspondiente, cuyo numero de telefono aparece al principio de la pagina y pida informacion acerca de su reclamacion(caso).

EBRB-1 (4/99)
FILE COPY

M

M

History 380D: The History of New York State
Mid Term Exam
Summer 2013

DISCLAIMER;

PLEASE NOTE I AM DISABLED PERSON WITH LIMITED USE OF MY HANDS, DTHUS TYPING IS VERY DIFICULT. SINCE THE TEST IS TIMED, SOME OF THIS TEXT WAS PREPARE IN ADVANCE; A DOCUMENT OF 24 PAGES. TAYPING IS DIFFICULT AND DANGEROUS FOR MY NECK INJUREIS. ACCOMODATION IS JUST IN LAST WEEK. FROM ADA SCHOOL DEPT.

Create Identifications for 4 of the following:

Leisler's Revelion

It's the period from 1689-1691 named for New Yorker Jacob Leisler, an ardent Protestant who rebellion against the colonial authority of English James II after learning of the 1688. The Celebrated Revolution across the Atlantic.

The Covenant Chain

The Covenant Chain was several of coalitions and treaties formulated during the 17th century, between the Iroquois and the British colonies in America, with other Indian tribes, the English and Iroquois assembly and the folowing treaties were based on supporting peace and stability to preserve trade. "They addressed issues of colonial settlement, and tried to suppress violence between the colonists and Indian tribes, as well as among the tribes, from New England to the Colony of Virginia".

The "Burned-Over District"

The burned-over district was the religious scene in the western and central regions of New York in the early 19th century, where religious revivals and Pentecostal movements of the Second Great Awakening took place.

The Eire Canal

I DID LIVE NEAR ON THE BANKS OF THE CANAL, I CHOSED THIS TEXT BECAUSE IT IS THE MOST ACCURATE AND SELF EXPLANATORY

N

N



BINGHAMTON
U N I V E R S I T Y
STATE UNIVERSITY OF NEW YORK

Services for Students
with Disabilities

PO Box 6000
Binghamton, New York 13902-6000
607-777-2686 (Voice/TT)
Fax: 607-777-6893

Date:       August 7, 2013

To:         Professor Pearson

From:       B. Jean Fairbairn, Director
            Services for Students with Disabilities

Subject:    Academic Accommodation for student, Edward Morales

The following information is confidential. Student rights to privacy regarding their disability-related needs must always be respected and related information should never be shared by faculty with other students.

I am writing to you, at Edward's request, to verify that he is registered with Services for Students with Disabilities and to provide you with information regarding his academic accommodation needs. According to the documentation we have received Edward experienced injuries that have left him with significant neck and back disabilities and chronic pain. He is unable to sit for prolonged periods of time and, according to him, experiences severe pain when he tries to write or type for extended periods.

He told me during our July 15th Intake appointment, and again on July 25th, that he did not need any academic accommodations for his summer course. He stopped in today, however, to let us know that he feels he made a mistake in declining accommodations and would like to request them now.

Binghamton University has a legal and ethical responsibility to provide for academic accommodations that ensure equal access and opportunity for students with disabilities. Edward is familiar with Dragon Naturally Speaking, a computer voice recognition program, and may schedule an appointment with our Adaptive Technology Specialist to request authorization to use the Bartle Library Adaptive Technology Room computer equipped with this software. Thank you for your cooperation in providing the following additional accommodations to enable him to participate on an equal basis with class colleagues:

- Time and a half, to double time, in which to complete quizzes and exams in order to accommodate his need to dictate his responses using Dragon Naturally Speaking and to change positions and walk around to relieve or minimize pain.

Please feel free to speak directly with Edward or to call us if you have any questions or concerns. We appreciate your assistance and support. Additional information regarding policy, procedures, legal requirements and guidelines for the appropriate provision of academic accommodations for students with disabilities may be found under the "Information for Faculty" link in our website at http://binghamton.edu/ssd.

BJF





STATE OF NEW YORK : COUNTY OF WESTCHESTER
JUSTICE COURT : HARRISON

*People of the State of New York*                                     *Misdemeanor Complaint*
                *Vs.*
Edward R. MORALES  110 N 3rd Ave, Apt. 2M, Mount Vernon, NY 10550,   DOB: 10/2/1959
                *Defendant*

I, Investigator Mobley, employed by the University Police at Purchase, New York, by this information makes written accusation as follows:

That Edward R. Morales, on the 10th day of July, 2013, in the Town of Harrison, County of Westchester, State of New York, did commit the offense of Aggravated Harassment in the Second Degree, a class A misdemeanor in violation Section 240.30 Sub. 1 of the Penal Law of the State of New York, in that he did, at the aforesaid time and place*

**Count One:** A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she communicates, or causes a communication to be initiated by mechanical or electrical means or otherwise, with a person, anonymously or otherwise, by telephone, or by telegraph, mail or any other form of written communications, in a manner likely to cause annoyance or alarm.

**The facts upon which this information is based are as follows:**

The said defendant, at or about 2105 hours on the aforesaid date, at 735 Anderson Hill Road, in the Town of Harrison, County of Westchester, State of New York, did communicate with Danielle P. D'Agosto by electronic mail (email), with intent to harass, annoy, threaten or alarm same, in that he sent an email messages to Danielle P. D'Agosto stating "When I created the term "an educated gang"; I did not mean to offend anybody; word for word, that is what peer pressure is or becomes if not stop in time. What if I was some nuts-crazy (which I am not), and being pushed to the end, and I take a machine gun (which I will not) and because of school "gang-like behavior" looses all opportunities to get to law school, then they garnish my SSD check to pay the loans, so I have nothing to live for, thus, this crazy student (not me) goes out to the school and start killing people. This sound like it has happen before.. wright?". The said defendant's email statement referencing "take a machine gun" "and start killing people", caused Danielle P. D'Agosto to fear for her safety and the safety of her colleagues.

All contrary to the provisions of the statute in such case made and provided.

The foregoing factual allegations are based upon the supporting deposition of Danielle P. D'Agosto (and upon information and belief), the sources of complainant's information being police investigation.

Verification By Subscription And Notice
Under Penal Law Section 210.45

It is a crime, punishable as a class A Misdemeanor under the Laws of the State of New York, for a person, in and by a written instrument, to knowingly make a false statement, or make a statement which such person does not believe to be true.

            -or-                                      **Affirmed under penalty of perjury this
        day of                                            12th day of July, 2013

                                                     _Inv. D. Mobley_
NYS University Police                                       Complainant
        Title or Office

Criminal Form 2    8/2010

ORI No:      NY059031J
Order No:
NYSID No:
CJTN No:
Present: Honorable

*William Edwards*

**People of the State of New York**

-against-

**JOHN SIDNEY**

At a term of the Mount Vernon City Court, County of Westchester
at the Courthouse at 2 Roosevelt Square, Mount Vernon NY 10550 State of New York

## ORDER OF PROTECTION

Non-Family Offense – C.P.L. 530.13
(Not involving victims of domestic violence)
☐ Youthful Offender (check if applicable)
Part: Criminal__ Index/Docket No. **13-1194**
Indictment No., if any:

Charges:      Robbery 3

☒ **Defendant Present in Court**

Defendant    11-05-69

NOTICE: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CONTEMPT OF COURT. IF THIS IS A TEMPORARY ORDER OF PROTECTION AND YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.

☐ TEMPORARY ORDER OF PROTECTION.  Whereas good cause has been shown for the issuance of a temporary order of protection [as a condition of   ☐ recognizance ☐ release on bail ☐ adjournment in contemplation of dismissal].

☒ ORDER OF PROTECTION.  Whereas defendant has been convicted of [specify crime or violation]:

*PETIT LARCENY – PL 155.25*

And the Court having made a determination in accordance with section 530.13 of the Criminal Procedure Law.

IT IS HEREBY ORDERED that the above-named defendant observe the following conditions of behavior:

(Check applicable paragraphs and subparagraphs):

✔ Stay away from  ✔ [name(s) of protected person(s) or witness(es)]:  **Edward Morales**

and/or from the   ✔ home of  **Edward Morales**
✔ school of **Edward Morales**
✔ business of **Edward Morales**
✔ place of employment of **Edward Morales**
✔ other  **Edward Morales**

✔  Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with [specify protected person(s)]: **Edward Morales**

✔  Refrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, strangulation, criminal obstruction of breathing or circulation, disorderly conduct, criminal mischief, sexual abuse, sexual misconduct, forcible touching, intimidation, threats or any criminal offense or interference with the victim or victims of, or designated witnesses to, the alleged offense and such members or household of such victim(s) or witness(es) as shall be specifically: **Edward Morales**

☐  Refrain from intentionally injuring or killing without justification the following companion animals [pet(s)] [specify type(s)] _____ and, if available, name(s)]: _____

✔.  Surrender any and all handguns, pistols, revolvers, rifles, shotguns and other firearms owned or possessed, including, but not limited to, the following: _____ and do not obtain any further guns or other firearms. Such surrender shall take place immediately, but no later than **TODAY BY 4:30 PM** at Mount Vernon Police Department, Roosevelt Square, Mount Vernon, NY 10550.

☐  Specify other conditions defendant must observe for the purposes of protection: _____

IT IS FURTHER ORDERED that the above-named Defendant's license to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby ☐ suspended or ☒ revoked (note: final order only), and/or ☐ the Defendant shall remain ineligible to receive a firearm license during    the period of this order. (Check all applicable boxes). NOTE: If this paragraph is checked, a copy of this form must be sent to: New York State Police, Pistol Permit Section, State Campus Building #22, 1220 Washington Avenue, Albany, New York 12226-2252.

IT IS FURTHER ORDERED that this order of protection shall remain in force until and including [specify date]: *7/11/18* but if you fail to appear in court on this date, the order may be extended and continue in effect until a new date set by the Court.

DATED  *7/11/13*

*William Edwards*

JUDGE  ~~JUSTICE~~
COURT (COURT SEAL)

P

P



OFFICE OF THE DISTRICT ATTORNEY
WESTCHESTER COUNTY

WESTCHESTER COUNTY COURTHOUSE
111 Dr. Martin Luther King, Jr. Blvd
White Plains, New York 10601
(914) 995-2000

**JANET DiFIORE**
DISTRICT ATTORNEY

October 18, 2013

**By facsimile transmission: (914) 390-4179**
Hon. Nelson S. Roman, U.S.D.J.
Charles L. Brieant Jr. United States Courthouse
300 Quarropas St
White Plains, New York 10601-4150          Re: *Morales v S.U.N.Y. et al.*
                                           13-cv-02586 (NSR)

Dear Judge Roman:

As a non-party interested in maintaining the integrity of criminal prosecutions in Westchester
County, this Office respectfully requests this Court to consider (pursuant to Rule 3(A)(ii) of your
Individual Practices in State Cases) this letter response to the Plaintiff's submission (which
plaintiff electronically served on A.A.G. Michael Klekman, who forwarded it to me) of a
"request latter [sic] for pre-motion conference TO REMOVE STATE CASE" - a prosecution
encaptioned *People of the State of New York v Edward R. Morales* pending in the Justice Court
of the Town of Harrison (Docket No. 13070584) upon an accusatory instrument charging
aggravated harassment in the second degree in violation of New York Penal Law §240.30 (1);
at present, upon his demand, defendant proceeds *pro se* with Anthony Keogh, Esq. assigned as
his legal advisor; he has demanded a trial and a schedule has been set for his pre-trial motions.

Plaintiff previously submitted to this Court what he styled as a "Motion to Remove State Case to
Current Active Federal Case: Show Cause," which was docketed on August 29, 2013. Concerned
that its treatment as a motion could require a filing of opposing papers within a week under the
Local Rules, I quickly responded without review of the local court file by my letter faxed to the
Court on September 6, 2013. That submission was mooted by your endorsed Order on that date
that the "motion" was denied "without prejudice for failure to follow my Individual Practices."

I now update and amend my submission of September 6, 2013 and address plaintiff's current
claim that it contained "intentional misleading statements."

My letter of September 6, 2013 indicated that the accusatory instrument charged a count of
aggravated harassment in the second degree for "allegedly having sent several alarming emails to
the S.U.N.Y. Executive Director of Academic Programs, Danielle D'Agosto, threatening to take a
machine gun, go to the school and shoot people." This statement quoted a synopsis of the charge
that was sent to me an A.D.A. in our branch office in Purchase, New York.  Its apparent source
was the since-provided copy of the "misdemeanor complaint" that signed by Investigator David
Mobley of the New York State University Police Department at S.U.N.Y. Purchase on July 12,
2013, which alleges "an [sic] email messages" sent on that date.



WESTCHESTER COUNTY
WESTCHESTER COUNTY COURTHOUSE
111 Dr. Martin Luther King Jr. Blvd
White Plains, New York 10601
(914) 995-2900

**JANET DiFIORE**
DISTRICT ATTORNEY

September 6, 2013

**By facsimile transmission: (914) 390-4179**

Hon. Nelson S. Roman, U.S.D.J.
Charles L. Brieant Jr. United States Courthouse
300 Quarropas St
White Plains, New York 10601-4150          Re: *Morales v S.U.N.Y. et al.*
                                                13-cv-02586 (NSR)

Dear Judge Roman:

As a non-party[1] interested in maintaining the integrity of criminal prosecutions in Westchester County, this Office respectfully requests this Court to consider this letter response to the document docketed as Entry 22 on August 29, 2013, captioned as the plaintiff's "Motion to Remove State Case to Current Active Federal Case: Show Cause."

Plaintiff therein addresses a prosecution encaptioned *People of the State of New York v Edward R. Morales* pending in the Justice Court of the Town of Harrison, Docket Number 13070584, before which court plaintiff was arraigned on July 30, 2013 upon an accusatory instrument charging the class A misdemeanor of aggravated harassment in the second degree in violation of New York Penal Law §240.30 (1) for allegedly having sent several alarming emails to the S.U.N.Y. Executive Director of Academic Programs, Danielle D'Agosto, threatening to take a machine gun, go to the school and shoot people.[2] The defendant was also served with a notice pursuant to §710.20 (3) of the Criminal Procedure Law of New York of intent to offer evidence of his statements to a member of the S.U.N.Y. Purchase Police Department on July 16, 2013. The next scheduled appearance in that matter is on September 10, 2013.

First, while 28 U.S.C. § 1443 (1) provides for the removal of a civil action or criminal prosecution from state court to federal court, if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof," there is no authority whatsoever for a "Motion to Remove" as styled by the plaintiff.

---

[1] By its endorsed Order of August 7, 2013, the Court directed that plaintiff file his requested Amended Complaint on or before August 24, 2013. By an Amended Complaint filed on August 26, 2013, plaintiff purported to add the "Town of Harrison" as an additional defendant without stating any basis for legal action against that entity. While that amended complaint was untimely, any appearance on behalf of the Town of Harrison would be by its Town Attorney (Frank Alleggretti, Esq.) and not by this Office.
  This Office was not given notice of the indicated "motion to remove" by the plaintiff, and only became aware of it by advice from counsel for the State defendants.
[2] In the criminal matter, the plaintiff was assigned Robert Brodsky Esq. as his counsel. I have copied Mr. Brodsky with this letter.

R

R



**OFFICE OF THE DISTRICT ATTORNEY**
**WESTCHESTER COUNTY**
WESTCHESTER COUNTY COURTHOUSE
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, New York 10601
(914) 995-2000

**JANET DiFIORE**
DISTRICT ATTORNEY

May 1, 2014

Honorable Marc J. Lust
Harrison Town Court
1 Heineman Place
Harrison, New York 10528-3305

     Re:   **People V Edward Morales**

Dear Sir:

    Enclosed herewith, please find the People's *Affirmation in Opposition to the Defendant's Motion to Dismiss Accusatory Instrument with Memorandum of Law* in regard to the above-referenced matter, with proof of service thereof.

            Very truly yours,

            **JANET DiFIORE**
            District Attorney of Westchester
            County

            Michelle A. Calvi

            Michelle A. Calvi
            Assistant District Attorney

JDF:MAC:alt
Enclosure
cc: E. Morales
    A. Keogh, Esq.

☐ **GREENBURGH BRANCH**
188 Tarrytown Road
White Plains, N.Y. 10607-1624
(914) 995-4075

☐ **NEW ROCHELLE BRANCH**
475 North Avenue
New Rochelle, N.Y. 10801-3502
(914) 813-5800

☐ **YORKTOWN BRANCH**
1940 Commerce Street
Suite 204
Yorktown Heights, NY 10598
(914) 862-5140

☐ **WHITE PLAINS BRANCH**
77 South Lexington Avenue
White Plains N.Y. 10601-2506
(914) 422-6265

☐ **MOUNT VERNON BRANCH**
2 Roosevelt Square
Mt. Vernon N.Y. 10550-2059

☐ **NORTHERN WESTCHESTER BRANCH**
25 Moore Avenue

☒ **RYE BRANCH**
3010 Westchester Avenue

☐ **YONKERS BRANCH**
Cacace Justice Center

STATE OF NEW YORK: WESTCHESTER COUNTY
TOWN OF HARRISON JUSTICE COURT
-------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

            -against-

EDWARD MORALES,

-------------------------------------------------------------------X
                             Defendant.

AFFIRMATION IN
OPPOSITION TO THE
DEFENDANT'S
MOTION TO DISMISS
ACCUSATORY
INSTRUMENT

Docket Number
13070584

(Lust, J.)

STATE OF NEW YORK      )
                        : ss.:
COUNTY OF WESTCHESTER  )

      MICHELLE A. CALVI, an attorney duly admitted to practice law before the Courts of

the State of New York, affirms the following under penalty of perjury: that she is an Assistant

District Attorney of Westchester County and submits this affirmation in opposition to the

defendant's pre-trial motion to dismiss the accusatory instrument in this matter.  This affirmation

is made upon information and belief, the sources of which are the file of this matter maintained

by the Office of the District Attorney.

      The defendant, Edward Morales, is charged with one count of Aggravated Harassment in

the Second Degree (PL 240.30[1]).  The relevant facts are set forth in the accusatory instrument

as well as the supporting deposition of the victim in this matter, Danielle D'Agosto.

      On July 18, 2013, the defendant was arraigned in the Vestal Town Court, by Judge

Meagher, on the charge of Aggravated Harassment in the Second Degree.  The defendant was

released on his own recognizance and instructed to appear in Harrison Town Court on July 30, 2013. A temporary order of protection was issued for the victim, Danielle D'Agosto.

On July 30, 2013, the defendant appeared in this Court with his assigned attorney, Robert Brodsky, Esq. A supporting deposition given by the victim and a 710.30 notice were served upon the defendant and filed with this Court. The defendant subsequently requested an adjournment until September 10, 2013.

On September 10, 2013, the defendant appeared in this Court with his assigned counsel and stated that he wished to proceed pro se. It should be noted that Mr. Brodsky requested to be relieved as counsel and accordingly, Mr. Brodsky was relieved and the defendant requested a motions schedule and a trial date. A motions schedule, to which all parties agreed, was set. Specifically, the Court ordered the defendant to submit his motion by October 15, 2013, with the People's Opposition Papers due on November 7, 2013, defendant's Reply papers due by November 12, 2013, and an all purpose control-decision date scheduled for November 12, 2013 (defendant's appearance required).

On October 9, 2013, the People received the defendant's motion papers by mail. The defendant's motion sought to dismiss the accusatory instrument charging Aggravated Harassment in the Second Degree on the ground that the accusatory instrument was facially insufficient. On November 6, 2013, the People's Opposition Papers were filed.

On March 12, 2014, Judge Lust delivered his Decision on Motion and denied the defendant's Motion to Dismiss.

On or about April 16, 2014, the defendant served and filed the instant Motion to Dismiss, which the Court treated as a Motion for Reconsideration, restating his argument that the

accusatory instrument was facially insufficient, and further arguing that the charge of

Aggravated Harassment in the Second Degree is unconstitutional, citing *Vives v The City of New

York* (405 F.3d 115 [2005]) as a controlling case that ruled on the constitutionality of New York

Penal Law § 240.30(1).

**WHEREFORE**, for reasons more fully set forth in the annexed Memorandum of Law,

the defendant's motion to dismiss accusatory instruments should be denied in its entirety.

Dated: Purchase, New York
       May 6, 2014


MICHELLE A. CALVI
Assistant District Attorney

## MEMORANDUM OF LAW

### POINT A

THE DEFENDANT'S MOTION TO DISMISS THE ACCUSATORY
INSTRUMENT FOR ALLEGED FACIAL INSUFFICIENCY SHOULD BE
SUMMARILY DENIED.

The defendant moves to dismiss the accusatory instrument for alleged facial insufficiency

under CPL 170.30[1][a]. However, as previously argued, for the reasons stated below, the

defendant's motion to dismiss should be summarily denied.

Generally, the sufficiency of an accusatory instrument is determined upon a reading of

the face of the instrument itself together with any supporting depositions accompanying or filed

in connection therewith (CPL 100.20; CPL 100.40; CPL 170.35 [1][a]; *see People v Casey*, 95

NY2d 354, 361 [2000]). A misdemeanor information is sufficient on its face when it is

supported by factual, non-hearsay allegations which would establish, if true, every element of the

offense charged and the defendant's commission thereof (CPL 100.40 [1][c]; CPL 100.15 [3];

*People v Alejandro*, 70 NY2d 133, 135 [1987]). So long as the factual, non-hearsay allegations

of the information give a defendant sufficient notice to prepare a defense and are adequately

detailed to prevent a defendant from being tried twice for the same offense, they should be given

a fair and not overly restrictive reading (*People v Casey*, 95 NY2d 354, 360, *supra*). For

purposes of a motion to dismiss, the accusatory instrument and supporting depositions "should

be given a fair and not overly restrictive reading" (*Id.* at 354-55), and the People need only

establish a *prima facie* case of the alleged charges (*Alejandro*, 70 NY2d at 137). In other words,

the People are not required to prove their case beyond a reasonable doubt on the four corners of

an accusatory instrument and supporting depositions. Instead, the People need only make a

*prima facie* case of the charge or charges to defeat a motion to dismiss for facial insufficiency.

Here, the misdemeanor complaint charging Aggravated Harassment in the Second Degree (PL 240.30[1]) is facially sufficient. Indeed, the accusatory instrument reads, "the said defendant...did communicate with Danielle D'Agosto by electronic mail (email), with intent to harass, annoy, threaten or alarm same, in that he sent an email messages to Danielle P. D'Agosto stating, "When I created the term educated gang; I did not mean to offend anybody; word for word, that it was peer pressure is or becomes if not stop in time; what if I was some nuts-crazy (which I am not), and being pushed to the end, and I take a machine gun (which I will not) and because of school gang like behavior looses all opportunities to get to law school...so I have nothing to live for, thus this crazy student (not me) goes out to the school and start killing people." The People also filed a supporting deposition by the victim, which states, in sum and substance, the following: "I, Danielle D'Agosto, Executive Director of Academic Program at Purchase College, SUNY, have recently been serving as the Academic Advisor to Edward Morales...While I am familiar with his anger, this email in particular was cause for great alarm, not only for my safety, but also to that of my colleagues; in the email he references machine guns and killing people...I cannot take such comments lightly, for safety of myself and the Purchase community."

When the charges are read in conjunction with the supporting depositions, there are sufficient, non-hearsay allegations to make out a *prima facie* case for the elements of the aforementioned charge (*see People v Singh,* 187 Misc2d 465 [Kings County, 2001]; *see also People v Torres,* 26 Misc3d 1216(A) [New York County, 2010]). The defendant's motion seeks to apply overly-restrictive readings to the accusatory instrument and supporting depositions, a

standard which the Court of Appeals has rejected in *Casey* (*People v Casey*, 95 NY2d at 354[holding that accusatory instruments and depositions "should be given a fair and not overly restrictive reading"]). Moreover, contrary to the defendant's contention, it is clear from the victim's supporting deposition that the defendant's conduct caused the victim to fear for her safety as well as the safety of her colleagues and school community.

Therefore, the defendant's motion to dismiss for facial insufficiency should be denied.

POINT B

THE DEFENDANT'S MOTION TO DISMISS THE CHARGES AS
UNCONSTITUTIONAL ON ITS FACE SHOULD BE SUMMARILY DENIED.

The defendant contends that the case of *Vives v The City of New York* (405 F.3d 115
[2005]) controls the question of the constitutionality of New York Penal Law § 240.30(1),
Aggravated Harassment in the Second Degree, the statute under which defendant is charged.
However, for the reasons stated below, the defendant's motion to dismiss should be summarily
denied because the instant case is factually distinguishable from the facts of *Vives*, and upon
analysis of the *Vives* case and its progeny, it is clear that the Court in fact did not ultimately
decide the issue of the constitutionality of PL § 240.30(1).

The relevant facts and background regarding the case relied upon by the defendant are as
follows:

In April of 2002, defendant Carlos Vives was arrested for Aggravated Harassment in the
Second Degree, pursuant to PL § 240.30(1), for mailing a packet of newspaper clippings, copies
of stories, and written and typed statements regarding current events involving people of the
Jewish faith. Vives had been making these packets and mailing them to thousands of people over
the course of 20 years. The materials were not addressed to anyone specifically, nor were they
accompanied by personalized letters. One such packet was received by Jane Hoffman, a
candidate for New York State Lieutenant Governor, who contacted police and informed them
that she found the material to be "alarming and/or annoying." Vives was arrested; however, the
District Attorney declined to prosecute. Vives subsequently challenged the validity of his arrest
and in August of 2002, the NYCLU filed a federal civil suit in the Southern District of New

7

York on behalf of Vives, claiming PL § 240.30(1) to be unconstitutional and a violation of the First Amendment (*Vives v City of New York* (305 F.Supp.2d 289 [2003]), herein *Vives I*.

The facts of *Vives* differ from the instant case in the form and substance of the communication that is the basis of the charges. Vives made packets of clippings from general circulation newspapers and included handwritten and typed statements, but did not address any of these materials to a specific person, nor did he include any personalized communication. He had been mailing these packets to people of the Jewish faith for 20 years before a complaint was filed. In the instant case, the defendant directly communicated with the victim via email and expressed comments that referred to a specific violent and unlawful act, namely, "what if I was some nuts-crazy (which I am not), and being pushed to the end, and I take a machine gun (which I will not) and because of school gang like behavior looses all opportunities to get to law school, then they garnish my SSD check to pay the loans, so I have nothing to live for, thus this crazy student (not me) goes out to the school and start killing people." The differences in these facts are such that the conclusions of *Vives I* should not apply to the instant case, and therefore does not control the case as the defendant contends.

In *Vives I*, Vives argued that summary judgment should be granted because his arrest was unlawful and the City of New York and police officers should be held liable for compensatory and punitive damages. The District Court granted summary judgment for Vives, found the City of New York liable for damages, and found PL § 240.30(1) to be unconstitutional "to the extent that it prohibits communication, made with the intent to annoy or alarm, by "mechanical or electronic means or otherwise, with a person, anonymously or otherwise, by telephone or telegraph, mail or any other form of written communication, in a manner likely to

8

cause annoyance or alarm." (*Id.* 301-2). The Court stated that although the statute "has never

before been declared unconstitutional on its face, its fate has been foreshadowed since 1985" (*Id.*

at 301), citing several cases that defined the issue of protected vs. unprotected speech.

The City of New York appealed (*Vives v City of New York* (405 F.3d 115 [2005]), herein

*Vives II,* and the Second Circuit reversed the trial court's decision on summary judgment in favor

of Vives with respect to the issue of defendants' personal liability, ***but declined to rule on the***

***constitutionality*** of PL § 240.30(1). The Second Circuit called into question the cases that the

District Court alleged had "foreshadowed" the unconstitutionality of PL § 240.30(1):

> In the first case relied on by the District Court, *People v. Dupont,* 107 A.D.2d 247, 486
> N.Y.S.2d 169 (1st Dep't 1985), the Appellate Division held that section 240.30(1) was
> unconstitutional only as applied to the facts before it. *People v. Dietze,* 75 N.Y.2d 47, 550
> N.Y.S.2d 595, 549 N.E.2d 1166 (1989), the second of the four, dealt with the
> constitutionality of an entirely different penal section. The third case, *Schlagler v.
> Phillips,* 985 F.Supp. 419 (S.D.N.Y.1997), was reversed on appeal, 166 F.3d 439 (2d
> Cir.1999). And in the fourth case, *People v. Mangano,* 100 N.Y.2d 569, 764 N.Y.S.2d
> 379, 796 N.E.2d 470 (2003), the judgment was entered on July 2, 2003, more than a year
> *after* Detectives Li and Lu arrested plaintiff on April 6, 2002. As such, none of these
> cases could possibly have served as fair notice to Detectives Li and Lu "that a declaration
> of [section 240.30(1)'s] unconstitutionality was inevitable." *Vives,* 305 F.Supp.2d at 303.
> (*Vives II* at 118.)

It is this Second Circuit decision that defendant cites in his argument for dismissal.

However, it is clear that *Vives II* is not grounds for dismissal of the charges for

unconstitutionality in its face. Although Judge Cardamone in his partial dissent argued that they

*should have* decided to affirm the District Court's ruling on such, the official holding of the

decision ***did not rule on constitutionality***, stating, "Because we hold that the District Court's

denial of qualified immunity to defendants was improper, we do not reach the question of

whether New York Penal Law § 240.30(1) survives constitutional scrutiny, but save that

question for another day." (*Vives II* at 118.) In a concurring opinion, Judge Brandeis stated,

"The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of," and "Principles of judicial restraint caution us to avoid reaching constitutional questions when they are unnecessary to the disposition of a case." (*Vives II* at 119.) The statute is therefore still valid law at the moment, so the arrest is constitutional on its face.

*Vives II* was remanded with respect to the issue of defendant's personal liability. Vives was then granted damages in the amount of $3,300 and the City appealed *(Vives v City of New York* (524 F.3d 245 [2008]) herein *Vives III.)* Even if this subsequent appeal is to be considered in the instant case, it would still not provide the Court grounds to dismiss the People's case on its face. The ruling of the Second Circuit is solely concerning the question of the liability of the City of New York for damages for enforcing a state law. The Court held that "a municipality cannot be held liable simply for choosing to enforce the entire Penal Law.[8]" In Footnote 8, the Court reiterates its prior refusal to decide on the constitutionality of the statute:

> As we explained in *Vives II.* Section 240.30(1) is not "'so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws.'" 405 F.3d at 118 (quoting *Connecticut ex rel Blumenthal v. Crotty,* 346 F.3d 84, 103 (2d Cir.2003)). We therefore leave for another day the question of whether certain statutes that might technically be on the books — for example, anti-miscegenation laws—are so obviously and deeply unconstitutional that the mere fact of their enforcement gives rise to a strong inference that the municipality must have made a "conscious choice" to enforce them." (*Vives III* at 358.)

Therefore, the instant defendant's Motion to Dismiss the charges as unconstitutional should be denied.

POINT C

THE DEFENDANT'S MOTION TO DISMISS THE CHARGES AS
UNCONSTITUTIONAL IN ITS APPLICATION SHOULD BE <u>SUMMARILY</u>
<u>DENIED</u>.

The remaining argument that the defendant contends is that the accusations against him were discriminatory and his statements were not "alarming." The question as to whether or not the PL § 240.30(1) is valid in its application to the instant defendant is a matter of determining if his communication with the victim constituted "fighting words", an incitement to violence, or a "true threat." This, however, is ultimately a question of fact to be decided by a jury.

In *People v Limage* (19 Misc 3d 395 [Crim Ct, Kings County 2008]), the defendant, Major Limage, moved to dismiss two counts of Aggravated Harassment in the Second Degree, pursuant to Penal Law § 240.30(1), stating that the charges were facially insufficient and that the statute was unconstitutional as applied to his case. The Court denied the motion, stating in an opinion written by Judge Cyrulnik, that the charges were facially sufficient and that the People had met their burden in proving a *prima facie* case. In the instant case, Judge Lust has also ruled that the People met their burden.

Considering the constitutionality of the statute, Judge Cyrulnik stated that defendant, who also relied on *Vives II* among others, had not proven his argument that PL § 240.30(1) was unconstitutional on its face. As for proving that the communication constituted a 'true threat,' Judge Cyrulnik cites *People v Bonitto* (4 Misc 3d 386 [Crim Ct, New York County 2004]: "It must be shown that, under the circumstances, "an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a true threat of injury," whether or not the defendant subjectively intended the communication to convey a true threat. (*United States v*

11

*Francis,* 164 F.3d 120, 123 [2d Cir 1999].) …Whether the threat meets this standard usually is a question of fact for the jury (*id.*)." (*People v Limage.* 19 Misc 3d at 400-401.) The defendant's motion was denied.

In the instant case, the defendant contends that his communication did not constitute a 'true threat' and therefore charges should be dismissed for the unlawful prosecution in the application of PL § 340.30(1). However, as in *People v Limage*, this is a question of fact to be determined by a jury and his instant Motion to Dismiss should be denied.

S

S

TOWN COURT OF THE TOWN OF HARRISON
COUNTY OF WESTCHESTER: STATE OF NEW YORK

-----------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,
                 Plaintiff

- against -

EDWARD MORALES,
                 Defendant

**DECISION ON
MOTION**

Docket 1307-0584

-----------------------------------------------------------------------X

     Plaintiff moves to dismiss the accusatory instrument due to alleged facial insufficiency and on the basis of the alleged unconstitutionality of Penal Law Section 240.30(1). Plaintiff's motion is denied in all respects. The accusatory instrument, when read in conjunction with the July 11, 2013 supporting deposition of the complainant, Danielle D'Agosto, contains sufficient factual and non-hearsay allegations so as to establish a "prime facie" case of the charges alleged (People v. Alejandro, 70 NY2d 133(1987). Accordingly, the defendant has been provided with sufficient notice of the charges, and all of the elements of the alleged offense need not be proven beyond a reasonable doubt at this juncture. The fact that the e-mail communication at issue was sent in response to a prior communication from the complainant, does not serve to nullify the dictates of Penal Law Section 240.30(1). Furthermore, the moving papers fail to establish that Penal Law Section 240.30(1) is unconstitutional, either as applied to plaintiff, or otherwise.

     The foregoing constitutes the Decision and Order of the Court.

                 ENTER:

                 MARC J. LUST
                 Harrison Town Justice

DATED: Harrison, New York
          March 12, 2014

MJL/dc
cc: Assistant District Attorney Michelle Calvi
     Edward Morales, Defendant Pro Se
     Anthony Keogh, Esq., Legal Advisor for Defendant Pro Se

T

T



WESTCHESTER COUNTY COURTHOUSE
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, New York 10601
tel: (914) 995-2500

May 16, 2014

**JANET DiFIORE**
DISTRICT ATTORNEY

Harrison Justice Court
1 Heineman Place
Harrison, NY 10528-3305
Via Fax (914) 835-1262

Re: People v. Edward Morales
<u>Harrison Town Court</u>

Dear Judge Lust:

On May 13, 2014 in a case entitled People v. Golb, 2014 NY Slip Op 03426, the New York Court of Appeals declared Penal Law section 240.30(1)(a) and 240.30(1)(b) to be unconstitutional. The above referenced defendant is charged with violating Penal Law section 240.30(1). Based on the Court's decision in Golb, the People cannot proceed with a prosecution on Penal Law 240.30(1) and the charges must be dismissed.

Thank you for your kind attention.

Very truly yours,
JANET DiFIORE
District Attorney

Michelle A. Calvi
Assistant District Attorney
Rye Branch

cc:   Mr. Edward Morales
110 North 3rd Avenue, #2-M
Mount Vernon, NY 10550
Via First Class Mail

Mr. Anthony Keough, Esq.
Via Fax: 914-831-3390

☐ **GREENBURGH BRANCH**
188 Tarrytown Road
White Plains, N.Y. 10607-1624
(914) 995-4075

☐ **NEW ROCHELLE BRANCH**
475 North Avenue
New Rochelle, N.Y. 10801-3502
(914) 813-5800

☐ **YORKTOWN BRANCH**
1940 Commerce Street
Suite 204
Yorktown Heights, NY 10598
(914) 862-5140

☐ **WHITE PLAINS BRANCH**
77 South Lexington Avenue
White Plains, N.Y. 10601-2506
(914) 422-6265

☐ **MOUNT VERNON BRANCH**
2 Roosevelt Square
Mt. Vernon, N.Y. 10550-2059
(914) 665-2440

☐ **NORTHERN WESTCHESTER BRANCH**
25 Moore Avenue
Mt. Kisco, N.Y. 10549-3102
(914) 864-7122

☐ **RYE BRANCH**
9710 Westchester Avenue
Suite 205
Purchase, NY 10577-2612
(914) 813-7257

☐ **YONKERS BRANCH**
Cacace Justice Center
104 South Broadway
Yonkers, N.Y. 10701-4007
(914) 231-2700

U

U

# CERTIFICATE OF DISPOSITION

STATE OF NEW YORK
WESTCHESTER COUNTY

HARRISON TOWN COURT
CRIMINAL PART

PEOPLE OF THE STATE OF NEW YORK

    VS.

EDWARD R. MORALES;  Defendant

CASE NO: 13070584

    Date of Birth:  10/02/1959      JC501 no: 66153395M
    Date of Arrest: 07/16/2013      NYSID no: 04866934L
  Disposition Date:   /  /

| Section Charged | Section Disposed | Ticket No & Description | Disposition | Fine | Civil-Fee | Surchg |
|---|---|---|---|---|---|---|
| PL 240.30 01 | PL 240.30 01 | AGG HARASSMENT | Dismiss | 0.00 | 0.00 | 0.00 |

Upon a proper request for an official statement of disposition,
I certify that the above named defendant having appeared before
this court was charged as shown above.  Each of the charges was
disposed of as indicated.

Dated: The 3rd day of July 2014

                           Hon. Marc J. Lust

NOTE: A copy of the request will be filed with this certificate
in the case records.

CAUTION: This information must not be divulged if the case is
sealed or where the defendant has been adjudicated a youthful
offender.

Copies: ____ Court, ____ Defendant, ____ Agency, ____ DA