EDWARD MORALES V. SUNY PURCHASE COLLEGE, ET. AL. CASE 7:14-CV-8193 (NSR)

# Plaintiff's Affidavit In Support of Application for Temporary Restraining Order

Ref: *Morales v. Purchase College. et, al.* No. 7:14-cv-08193 (NSR) .

Nov. 20th, 2014

Docket in case # 14 CV/ER 8193
As: Affidavit in Support OSC
Date: 11/25/2014

Dear Judge Román:

On July 3rd, 2014, my therapist, Mr. David Daly and Dr. Saraub Kaushik (Psychiatrist), extended a report on behalf of St Vincent Hospital for the purpose of reporting to your honor, the medical condition and other of their patient, Mr. Edward Morales Plaintiff in the current action.

However, on a disturbing and unprofessional action of the/a New York State Attorney's Office... on or about the first week of November, 2014, St. Vincent hospital received a telephone call made to Mr. Morales's therapist, Mr. David Daly. The telephone call was made by/from a State Attorney, Mr. Jonathan Conley, who left the voice mail in Mr. Daly's office box. Mr. Conley stated in his message that "a letter (exhibit A of the current complaint) from him (Mr. Daly) has become public record, and he (Mr. Conley) need to address an issue related to the letter".

Because the constrain of Mr. Daly's schedule and the fact that Mr. Daly and the Hospital due to privacy issues did not return this call to Mr. Conley. However, the following week the supervisor of the outpatient department and others Hospital officials received additional telephone calls from either Mr. Conley about the report (see above) issued by this Hospital on July 3rd, 2014. Furthermore, the attorney for the State of New York, inappropriately disputed, (without medical expertise and personal knowledge of the patient) the expert opinion of this sour medical staff (David Daly and Dr. Saraub Kaushik); thus placing this hospital integrity, medical and professional opinion in question.

In addition, today, a meeting was conducted at the St. Vincent Hospital, where I, my therapist... Mr. Daly and Dr. Kaushik were in attendants. At the meeting, it was brought to my attention that additional calls from several State Attorneys (including former defendant, Mrs. Wendy Kowalski (now Ravitz), attorney for SUNY) was made to additional hospital officials...

1

placing pressure on this hospital official, and further threatening to call their FBI on myself Furthermore, depicting me as a dangerous person.

In addition, Attorney's for the state and SUNY (see above), also intimidated (placing enormous pressure) to several hospital officials to edit exhibit A on the plaintiff's complaint. This is clearly "witness tampering" and "obstruction of justice", for the sole purpose of these telephone calls was to intimidate the plaintiff's therapist, Mr. David Daly. At this meeting also, my therapist, Mr. David Daly and Dr. Saraub Kaushik (Psychiatrist), brought to my attention that former defendant, Mrs. Wendy Kowalski (now Ravitz), attorney for SUNY, also stated that I, have called several school officials and threatening with violence—which is FALSE. The only communication with Purchase College school officials has been with my potential witnesses, and never with school officials.

Furthermore, on the meeting and in other meeting at said hospital has stated that "we will stand by their statements" (see exhibit A; made in the report issued by, my therapist, Mr. David Daly and Dr. Kaushik (Psychiatrist), On July 3rd, 2014

This is clearly "witness tampering" and "obstruction of justice", for the sole purpose of these telephone calls was to dispute exhibit A… as stated in *SYNERGETICS vs. Hurst and McGowan*; Case No. 4:04CV318 CDP….

"*It is a federal crime to give a witness, something of value to induce the witness not to testify.  18 U.S.C. § 201 (b) (3) provides felony penalties for one who: directly or indirectly, corruptly gives, offers or promises anything of value to any person . . . with intent to influence such person to absent himself [from a court proceeding] 18 U.S.C. § 1512(b)(1) also provides felony penalties for a person who:*

*Knowingly . . . corruptly persuades another person . . . with intent to . . . Prevent the testimony of any person in an official proceeding.*

*Although non-party witnesses are under no obligation to testify voluntarily or to assist litigants in their cases, witnesses must testify if subpoenaed.  If a witness not under subpoena has voluntarily agreed to testify for one party, it is "serious misconduct" for the other party to dissuade that witness from testifying.*

2

*Ty v. Softbelly's, Inc., 353 F.3d 528, 537 (7th Cir. 2003). An attempt to convince a witness not to testify may be proof that the party seeking to suppress the testimony has something to hide:*

> *It is generally held that, in a civil case, evidence that a litigant, or his agent, has attempted to influence or suppress a witness is receivable as an admission or as an indication of the litigant's consciousness that his case is weak or unfounded or that his claim is false or fraudulent. Specifically, an attempt to persuade a witness not to testify is admissible against the party responsible for that attempt.*

**Great American Insurance Co. v. Horab,** *309 F.2d 262, 264 (8th Cir. 1962) (Blackmun, J.) (internal citations omitted). A lawyer may not ethically counsel a non-client witness to refuse to talk to opposing counsel.* See *Rule 3.4(f), Rules of Professional Conduct, Rule 4-3.4(f), Mo. R. Civ. P. If such an attempt has occurred, the jury is entitled to draw an inference that the witness's testimony would favor the other party.* **Massachusetts Institute of Technology v. Imclone Systems, Inc.,** *490 F.Supp.2d 119, 127 (D. Mass. 2007).* "

Due to the illegal actions of the Attorney's named above... plaintiff has suffered additional emotional harm thus, causing severe retroactive results on his permanent treatment for his severe depression and permanent Post Traumatic Stress Disorder. For these reasons and to avoid any additional aggravation of the plaintiff's illness (PTSD); I (plaintiff), respectfully request this Court to grant this Temporary Order of Protection, with or without an order to show cause. The approval of plaintiff's motion is IMPERATIVE for the continuance-transparency of this case.

Respectfully,

Edward Morales (plaintiff)
110 N 3rd Ave
Apt 2m
Mt Vernon, NY 10550
CC
David Daly & Dr. Saraub Kaushik
St Vincent Hospital
275 North Street
Harrison, NY 10528

3