```
                                                    ┌─────────────────────────────────┐
                                                    │ USDC SDNY                       │
                                                    │ DOCUMENT                        │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED            │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #:_____           │
-------------------------------------------X        │ DATE FILED: 11|19|2015          │
                                           :        └─────────────────────────────────┘
EDWARD MORALES,                            :
                                           :
                    Plaintiff,             :        14-cv-8193 (NSR)
      -against-                            :
                                           :        OPINION AND ORDER
SUNY PURCHASE COLLEGE, et al.              :
                                           :
                    Defendants.            :
-------------------------------------------X
```

NELSON S. ROMÁN, United States District Judge:

Plaintiff Edward Morales ("Plaintiff" or "Morales"), proceeding *pro se*, asserts a number of federal and state law claims against Defendants State University of New York, Purchase College ("SUNY Purchase"), Melissa Jones, Sheryl Secor, Ernie Palmieri, Qui-Qui Balascio, Lois Wald, Danielle DaGosto, David Mobley, Anne MacCall, Sandee Maung, Kyle Saud, Louise Yellin, Walter Butler, an unidentified John Doe police officer (collectively, the "State Defendants"), the Westchester County District Attorney's Office, Westchester County (collectively, the "County Defendants"), and the Town of Harrison (the "Town Defendant"). Specifically, Plaintiff alleges violations of, among other statues, the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*; Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d *et seq.*; Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681 *et seq.*; as well as violations of his constitutional rights under the First, Fourth, and Fourteenth Amendments.

The State, County, and Town Defendants now separately move, pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), to dismiss the Complaint in its entirety. For the following reasons, their motions are GRANTED.

## BACKGROUND

In 2013, Plaintiff commenced an action in this Court against the State of New York, SUNY Purchase, SUNY Binghamton, the Town of Harrison, and a number of individuals (hereafter referenced as "*Morales I*").  Plaintiff's Amended Complaint in *Morales I* alleged a number of federal and state law violations related to his re-admission to SUNY Purchase and his subsequent time as a student at SUNY Purchase and SUNY Binghamton.  Plaintiff was ultimately suspended from SUNY Purchase after a number of disciplinary and academic violations.  He was also charged with aggravated harassment in violation of N.Y. Penal Law § 240.30(1) for sending a purportedly harassing email to a SUNY employee.[1]  On May 22, 2014, this Court dismissed Plaintiff's Amended Complaint.  *See Morales v. New York*, 22 F. Supp. 3d 256 (S.D.N.Y. 2014).  Only Plaintiff's Age Discrimination Act claim, brought pursuant to 42 U.S.C. § 6102, was dismissed without prejudice.  *Morales*, 22 F. Supp. 3d at 271.

Plaintiff's Complaint essentially mirrors his Amended Complaint filed in the earlier related action.[2]  In fact, Plaintiff readily admits that the instant Complaint is "recommenced" with new facts, as well as a number of purportedly new causes of action.  (Compl. ¶ 3.)  In light of the congruence of the parties and the claims asserted, the Court assumes the parties' familiarity with the underlying facts and will not restate them here.  The Court notes, however, that like the Amended Complaint filed in the earlier action, Plaintiff's Complaint is largely rambling, conclusory, or incoherent.  This Complaint, however, dwarfs Plaintiff's earlier 102 page Amended Complaint, and spans more than 200 pages and 1200 numbered paragraphs.

---

[1] That charge was ultimately dismissed by the Westchester Country District Attorney's Office following the New York Court of Appeals' invalidation of § 240.30(1)(a) and (b) as unconstitutional.

[2] On October 23, 2014, this matter was accepted as related to Plaintiff's earlier Amended Complaint.  (*See* Docket Minute Entry, 10/23/2014.)

**MOTION TO DISMISS STANDARD**

To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying this standard, a court should accept as true all well-pleaded factual allegations, but should not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.*

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 570. Similarly, Federal Rule of Civil Procedure 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." A plaintiff must show "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* "[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit." *Ceparano v. Suffolk Cnty.*, No. 10 Civ. 2030, 2010 WL 5437212, at *3 (S.D.N.Y. Dec. 15, 2010) (citing *Jones v. National Commc'ns & Surveillance Networks*, 266 Fed. App'x 31, 32 (2d Cir. 2008)).

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12 Cv. 6718 (CS), 2013 WL

3

3357171 (S.D.N.Y. July 3, 2013) (internal citations omitted).  The court should read *pro se* complaints "'to raise the strongest arguments that they suggest.'"  *Kevilly v. New York,* 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (quoting *Brownell v. Krom,* 446 F.3d 305, 310 (2d Cir. 2006)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally.").  "However, even pro se plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise 'a right to relief above the speculative level.'"  *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555). Dismissal is justified, therefore, where "the complaint lacks an allegation regarding an element necessary to obtain relief," and therefore, the "duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it."  *Geldzahler v. New York Medical College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal citations and quotations omitted).

## DISCUSSION

**1.  Claims Against The State Defendants**

> *A.  Most Of Plaintiff's Claims Are Barred By The Doctrine Of Res Judicata*

The State Defendants argue that because Plaintiff's Complaint contains the same principal causes of action, and arises from the same set of transactions or occurrences as alleged in *Morales I*, it is barred by the doctrine of *res judicata*.  In response, Plaintiff makes a number of arguments, many of which are difficult to decipher and are clearly without merit.  Plaintiff's only cognizable arguments in opposition to the application of *res judicata* appear to be that: 1) his earlier Amended Complaint was not dismissed on the merits, and 2) he asserts six new causes of action in the Complaint.

The doctrine of *res judicata*, also known as claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from litigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 169 (2d Cir. 2012); *Rullan v. New York City Sanitation Dep't,* No. 13 Civ. 5154 (JGK), 2014 WL 2011771, at *4 (S.D.N.Y. May 16, 2014) *aff'd*, No. 14–2127, 2015 WL 3771755 (2d Cir. June 18, 2015).   Federal Rule of Civil Procedure 12(b)(6) warrants dismissal of claims under the doctrine of *res judicata* where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).

"Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983) (internal citations omitted).   *Res judicata* applies where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[ ] or those in privity with [him]; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (internal citations omitted).   "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." *L-Tec Electronics Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) (internal citation omitted).   Nevertheless, claims dismissed without prejudice in an earlier action are not barred by *res judicata*. *Camarano v. Irvin*, 98 F.3d 44, 47

(2d Cir. 1996) ("It is well established that a dismissal without prejudice has no res judicata effect on a subsequent claim.")

The first two prongs of the *res judicata* test are easily met.  First, Plaintiff brought both actions at issue.  Second, Plaintiff's Amended Complaint in *Morales I* was dismissed by this Court for failing to state a claim upon which relief could be granted.  Such a dismissal constitutes a dismissal on the merits.  *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("the dismissal for failure to state a claim is a final judgment on the merits and thus has res judicata effects") (internal citations omitted).  Only Plaintiff's claim brought pursuant to the Age Discrimination Act of 1975 was dismissed without prejudice and therefore not subject to the application of *res judicata*.

Turning to the final prong of the *res judicata* test, it is clear that Plaintiff's claims, including those that are purportedly "new," arise out of the same factual predicate as Plaintiff's original claims asserted in *Morales I*: the myriad acts of age, gender, race, and disability-based discrimination purportedly carried out by faculty, staff, and students while Plaintiff attended SUNY Purchase and SUNY Binghamton.  Even the facts underlying Plaintiff's thirteenth cause of action, which is based on events that purportedly occurred after the filing of his related Amended Complaint, were raised in connection with his opposition to the motion to dismiss filed in *Morales I*.  (*See* Plaintiff's Letter in Further Support of Opposition to Motion to Dismiss, No. 13-cv-2586 (NSR), Docket No. 40.)  It appears that the only "new" information contained in Plaintiff's Complaint relates to him purportedly being diagnosed with Post-Traumatic Stress Disorder.  (Compl. ¶ 5.)  Simply put, to the extent any of Plaintiff's claims or legal theories are actually new, which they do not appear to be, they are based on the same set of facts as his Amended Complaint and could have been raised in *Morales I*.

6

Moreover, to the extent that Plaintiff offers new facts or evidence in support of his "recommenced" claims, *res judicata* "applies even where new claims are based on newly discovered evidence, unless 'the evidence was either fraudulently concealed or it could not have been discovered with due diligence.'" *L-Tec Electronics Corp.*, 198 F.3d at 88 (quoting *Saud v. Bank of New York*, 929 F.2d 916, 920 (2d Cir. 1991)). Plaintiff does not allege or argue that any new evidence was fraudulently concealed or could not have been discovered at the time he filed his Amended Complaint in *Morales I*. Nor can the Court infer as much from any of Plaintiff's allegations or arguments.

Accordingly, with the exception of Plaintiff's Age Discrimination Act claim, Plaintiff's claims against the State Defendants are dismissed as barred by the doctrine of *res judicata*.

### B. *Plaintiff Failed To Satisfy The Statutory Prerequisites On His Remaining Claim Against The State Defendants*

Pursuant 42 U.S.C. § 6104, a plaintiff is required to comply with certain prerequisites before filing suit under the Age Discrimination Act of 1975. Section 6104(e)(1) "requires, as a prerequisite to suit, that notice of the action be given thirty days prior to commencing suit to 'the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed.'" *Barea v. State Univ. of New York at Albany*, No. 1:05CV1523 (GLS/DRH), 2006 WL 1911602, at *5 (N.D.N.Y. July 10, 2006) (quoting 42 U.S.C. § 6104(e)(1)). "This notice must set forth the alleged violation of the [Age Discrimination Act], the relief requested, the court in which the action shall be brought, and whether attorney's fees will be demanded." *Id.* Section 6104(f) requires the exhaustion of administrative remedies prior to filing a complaint. *See* 42 U.S.C. § 6104(f) ("With respect to actions brought for relief based on alleged violation of the provisions of this chapter,

7

administrative remedies shall be deemed exhausted upon the expiration of 180 days from the

filing of an administrative complaint during which time the Federal department or agency makes

no finding with regard to the complaint, or upon the day that the Federal department or agency

issues a finding in favor of the recipient of financial assistance, whichever occurs first.")

In *Morales I*, Plaintiff's claim for age discrimination under 42 U.S.C. § 6102 was

dismissed without prejudice for failure to allege that he exhausted his administrative remedies

prior to initiating the original action. *Morales*, 22 F. Supp. 3d at 271. Although Plaintiff may

have adequately alleged that he exhausted his administrative remedies this time around,[3] the

Court need not decide whether § 6104(f) is satisfied because the Complaint is devoid of

allegations that Plaintiff provided the required notice to "the Secretary of Health and Human

Services, the Attorney General of the United States, and the person against whom the action is

directed." 42 U.S.C. § 6104(e)(1).[4] At most, Plaintiff states in conclusory terms satisfaction of

these statutory prerequisites to suit. (*See*, *e.g.*, Compl. ¶¶ 67, 76, 176, 190, 261, 374, 474, 540,

595, 673, 758, 877, and 1107.) Without giving the required notice, Plaintiff's claim is

improperly filed and requires dismissal. *Barea*, 2006 WL 1911602, at *5.

[3] Plaintiff may have adequately alleged exhaustion of administrative remedies related to the Complaint based on filings with the U.S. Department of Education. (*See*, *e.g.*, Compl. ¶¶ 67, 176.) Plaintiff cites to Exhibit C of the Complaint in support of these allegations. Exhibit C does not, however, contain any copies of the complaints filed with the Department of Education or any evidence of the dates on which such complaints were filed. The Court nevertheless located in Exhibit H of the Complaint the Department of Education's responses to Plaintiff's administrative complaints, which, upon cursory review, provide some support for Plaintiff's argument that he has satisfied the exhaustion requirements of the statute.

[4] Section 6104(e) applies these prerequisites to claims for injunctive relief. Although Plaintiff alleges that he is not seeking injunctive relief, (Compl. ¶ 49), the Age Discrimination Act of 1975 does not permit actions for money damages. *See Stoner v. Young Concert Artists, Inc.*, No. 11 CIV. 7279 LAP, 2012 WL 4471602, at *4 (S.D.N.Y. Sept. 26, 2012), *aff'd in part, vacated in part on other grounds, remanded* (2d Cir. Sept. 21, 2015) (finding that money damages are not available under the statute). The Court therefore construes Plaintiff's claim as one for injunctive relief and applies the prerequisites to suit outlined in 42 U.S.C. § 6104(e).

**2. Claims Against Westchester County And The Town Of Harrison**

Although the County and Town Defendants are referenced throughout Plaintiff's Complaint, Plaintiff asserts in his memorandum of law in opposition to the County's and Town's motions to dismiss that these defendants are only "directly named" in Plaintiff's twelfth cause of action.  (Pl.'s Mot. in Opp. to Westchester County and Town of Harrison ¶¶ 5, 23.)  Plaintiff's twelfth cause of action alleges violations of 42 U.S.C. § 1983 arising out of the purportedly unconstitutional arrest and prosecution of Plaintiff by the County and Town Defendants for aggravated harassment in violation of N.Y. Penal Law § 240.30(1).  In short, Plaintiff argues that his speech, which formed the basis of the charges brought against him, was protected by the First Amendment.

Neither the County nor the Town Defendants raised the doctrine of *res judicata* as a defense to Plaintiff's claims.  The Court is, however, "free to raise that defense *sua sponte*, even if the parties have seemingly waived it."  *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 398 n.4 (2d Cir. 2003); *accord Rollock v. LaBarbera*, 383 F. App'x 29, 30 (2d Cir. 2010).  The Court finds it appropriate to do so here.

It is without question that Plaintiff's twelfth cause of action arises from the same factual predicate as Plaintiff's original claims asserted in *Morales I.*  Plaintiff specifically raised, and this Court addressed, certain claims made by Plaintiff with respect to his arrest and prosecution for aggravated harassment.  *See Morales*, 22 F. Supp. 3d at 265 (asserting in twelfth cause of action that his speech was protected by the First Amendment), 275-76 (dismissing First Amendment claim).  The Court is aware of no reason why Plaintiff could not have sued the County and Town Defendants in *Morales I*, and Plaintiff did in fact sue the Town in that action.  Plaintiff's claims were ultimately dismissed against the Town after he failed to serve it pursuant

9

to Federal Rule of Civil Procedure 4(m).  (*See Morales I*, No. 13-cv-2586 (NSR), Docket No. 44.)  It is of no consequence that the County Defendants were not parties to the original action.[5]

Accordingly, Plaintiff's claims against the County and Town Defendants are dismissed as barred by the doctrine of *res judicata*.

---

[5] "*Res judicata* is available to a newly named defendant with a close or significant relationship to a defendant previously sued, when the claims in the new action are essentially the same as those in the prior action and the defendant's existence and participation in the relevant events was known to the plaintiff." *Waldman v. Vill. of Kiryas Joel*, 39 F. Supp. 2d 370, 381 (S.D.N.Y. 1999) *aff'd*, 207 F.3d 105 (2d Cir. 2000) (citing *Gambocz v. Yelencsics*, 468 F.2d 837, 840-42 (3d Cir. 1972) and collecting cases).  *In Waldman*, the Court recognized that "[t]hese cases penalize a plaintiff for asserting in a subsequent action the same claim against a co-conspirator whose participation in the plaintiff's prior action was clear, but whom the plaintiff chose not to sue earlier.  The courts have reasoned that because co-conspirators were 'in privity' with prior defendants they were entitled to *res judicata*."  *Id.* (internal citation omitted).  Plaintiff alleged in sum and substance in his initial Amended Complaint that the Town, SUNY Purchase Police, and other defendants conspired to prosecute him for aggravated harassment.  (*See Morales I*, No. 13-cv-2586 (NSR), Docket No. 21 at 56 ¶ 1.)  Although the County and its District Attorney's Office were not named as defendants in the original action, it is clear based on these allegations that Plaintiff believed his entire prosecution was the result of a conspiracy, thus permitting the Court to treat the prosecutors as co-conspirators for purposes of *res judicata* analysis.  Plaintiff must have been aware of, or at least on notice about, the existence of the prosecutors involved in this purported conspiracy at the time he filed the Amended Complaint in *Morales I*.  There is also no question that the claims in the new action are essentially the same as those asserted in *Morales I*.

## CONCLUSION

For the foregoing reasons, the State, County, and Town Defendants' motions to dismiss are GRANTED. Plaintiff is hereby barred from asserting any new causes of action arising out of the underlying transactions or occurrences at issue in the instant Complaint.[6] The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 32, 37, and 42 and to close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

Dated: November 19th, 2015
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[6] As part of their motion to dismiss, the State Defendants asked this Court to order Plaintiff to show cause for why an injunction barring him from filing any further suits against the State Defendants without first seeking leave of this Court should not be entered. The Court has already ruled that Plaintiff's claims arising out of the instant transactions or occurrences are barred by *res judicata.* At this juncture, the Court need not, and will not, issue a broader injunction barring Plaintiff from filing any claims against the State Defendants without regard to the underlying factual predicate for any future claim.